OPINION OF THE COURT
Jones, J.
The finding by the Court of Claims, when it dismissed his claim against the State of New York, that plaintiff was contributorily negligent and that his negligence was a substantial factor in causing the accident, bars recovery by him in the present action.
On the evening of October 13, 1974, Douglas A. Trombley, defendant herein, was driving north on Purdy Road, a two-lane, unlighted rural highway in Niagara County, New York. At about 10:30 p.m. he stopped his automobile either on the easterly shoulder of the road or partially on the shoulder and partially in the northbound lane, turned off the lights and began a conversation with his passenger who later became his wife. Shortly thereafter, Trooper Britt, on routine patrol traveling south on Purdy Road, noticed the unlit vehicle and brought his patrol car to a stop opposite the Trombley car, partially on the highway. The trooper left his headlights on and may have activated his emergency lights. He left the patrol car, approached the Trombley car and began questioning its occupants. He then observed an automobile, driven by Thomas E. Malloy, plaintiff herein, approaching from the south in the northbound lane at what he later testified was a normal, although constant, rate of speed, apparently not going to stop or otherwise avoid a collision with the Trombley automobile. The trooper shouted to the passengers in the Trombley car to "get down” and ran for cover behind his patrol car. The Malloy vehicle continued in the northbound lane, its driver unaware of the presence of the Trombley car, and struck the rear of the Trombley car. Both Trombley and Malloy suffered serious injuries.
Malloy and Trombley sued each other in Supreme Court and both filed claims against the State of New York in the Court of Claims, based on alleged negligence on the part of *49 Trooper Britt. The two claims against the State were tried jointly, and after a five-day trial before The Honorable Jeremiah J. Moriarty, the court, which was aware of the pending Supreme Court actions, held both that each claimant had failed to prove negligence on the part of the State and that each was guilty of contributory negligence barring recovery against the State.[1] No appeal was taken by either claimant from the decision of the Court of Claims.
Defendant Trombley thereafter served a supplemental answer in the Supreme Court action against him and moved for summary judgment on the ground that the finding of contributory negligence on the part of Malloy by Judge Moriarty barred recovery by him as plaintiff in his Supreme Court action. Supreme Court denied the motion, but the Appellate Division unanimously reversed and granted summary judgment dismissing the complaint. We now affirm that disposition.
The question before us is one of issue preclusion, sometimes referred to as collateral estoppel, inasmuch as the disposition in the Court of Claims was not made in the course of prior litigation between the same parties but in prior litigation between one of those parties, Malloy, and a third party, the State of New York. The critical question is what effect should be given in the present action to the finding in the Court of Claims action of contributory negligence on the part of Malloy.
Appellant Malloy and the dissenters would invoke the recognized principle that conclusive effect is not to be accorded a finding which is but an alternative ground for the prior court’s decision because it cannot be said to have been essential to the judgment rendered (see Restatement, Judgments 2d, § 68, especially Comment i [Tent Draft No. 4 (April 15, 1977)], pi et seq., pp 11-13), and would apply that principle rigidly to deny issue preclusion in the present instance. We are persuaded that to do so would be improperly to ignore the substantive worth of the finding of the Court of Claims in this instance.
It is entirely accurate to observe that the disposition in the Court of Claims was predicated both on its conclusion that *50 there had been no proof of negligence on the part of the State of New York and on its further finding that claimant Malloy had been contributorily negligent. Indeed in introducing that portion of his decision dealing with contributory negligence on the part of the two claimants, Judge Moriarty forthrightly noted that he proceeded to those issues, "Although unnecessary to a decision herein”. Under a strict application of the alternative determination exception to the rule of issue preclusion, neither the finding of no negligence on the part of the State nor the finding of contributory negligence on the part of the claimant would subsequently be given conclusive effect, for in a logical analysis either finding standing independently would have been sufficient to support the decision of the court; each was a literal alternative. Mechanical application on the basis of such analysis would fail to take into account the vitality of the rationale behind the doctrine of issue preclusion.
There can be no doubt in this instance that the issue of Malloy’s contributory negligence was actually and fully litigated. Although it is true that Malloy and Trombley did not stand toe-to-toe in the Court of Claims, Malloy’s incentive vigorously to oppose a finding of contributory negligence was no less there than it would be in the present Supreme Court action. No suggestion is now advanced that he was in any way handicapped or inhibited in his address to the issue in the Court of Claims; he had full opportunity there and no heavier burden to establish his freedom from contributory negligence with respect to defendant State in that action than with respect to defendant Trombley in the present action. None of the grounds recognized for other exceptions to the general rule of issue preclusion are to be found in this case (see op. tit., § 68.1, p 27 et seq.).
The justification for the alternative determination exception to the general rule is said to be that "the determination in the alternative may not have been as carefully or as rigorously considered as it would have been if it had been necessary to the result, and in that sense it has some of the characteristics of dicta” (op. tit., § 68, Comment i, p 12). The care and attention devoted to the issue by Judge Moriarty in this instance saps such a contention of any vitality. "Although unnecessary to a decision herein, we note that, based upon the evidence presented at trial, neither claimant appears to have *51 established the requisite freedom from culpable conduct necessary for success in a cause of action for negligence which accrued prior to September, 1975. * * * Insofar as the conduct of Mr. Malloy is concerned, there is little direct evidence, apart from the testimony of Trooper Britt as to his brief observations of the approaching vehicle just prior to the collision and the demonstrative photos of the condition of the vehicles thereafter, from which we can infer what observations Mr. Malloy made or actions he took as he approached the scene. Mr. Malloy did not testify at the trial since he is a man of advanced years and has been institutionalized continually since the accident. We are aware that, under the evidentiary rules of Noseworthy v City of New York, 298 NY 76, 80 NE2d 744, and Schechter v Klanfer, 28 NY2d 228, 321 NYS 2d 99, while the burden of proof does not shift on the issue of contributory negligence, the degree of proof necessary to make out a prima facie case on that issue is diminished in a situation such as the one at bar. Nevertheless, it is clear that the tremendous impact with which Mr. Malloy collided with the Trombley vehicle indicates that he proceeded at a high rate of speed towards the scene despite the warning lights from Trooper Britt’s car which should have prompted Mr. Malloy to proceed with caution. Therefore, Mr. Malloy’s conduct on the night of October 13, 1974, can hardly be characterized as reasonable, and he also was chargeable with contributory negligence which bars recovery.”
No persuasive argument is now put forward to support the relevance to this case of the suggestion in the Restatement that, inasmuch as a losing party might be dissuaded from taking an appeal because of the likelihood that an appellate court would sustain at least one of two or more alternative grounds on which the decision below had been predicated, such alternative determinations might not be exposed to appellate review (a safeguard as to their correctness), and therefore the rule of issue preclusion should not be applied to them. Nor is any argument now based on the related notion that there might similarly be little motivation to take an appeal from an alleged error which had no effect on the judgment. Indeed in the context of negligence litigation involving interrelated fact situations these suppositions may be unrealistic. As to the suggestion that to require Malloy to have appealed would be to waste judicial time, it appears that an appeal would be less time consuming and at a less belea *52 guered level of our court system than would be true in consequence of the new trial which the dissenters would grant.
But there is another element of validating authenticity to Judge Moriarty’s alternative finding of contributory negligence on the part of each claimant. It is accurate to observe, of course, that the dismissal of the claims could have been upheld on appeal had the appellate court affirmed the trial court’s finding of no negligence on the part of the State. That, however, in the circumstances presented could not be considered a foregone conclusion, especially in view of the broader authority of the Appellate Division to substitute its view of the facts on an appeal from a decision of the court following a nonjury trial in the Court of Claims than would be true on appeal from the verdict of a jury. From all that appears, it seems likely that Judge Mori arty thought it prudent in the discharge of his judicial responsibility, following the five-day trial, to make full-blown findings both on the issue of negligence and on the issue of contributory negligence. In the event that the Appellate Division were to disagree on the finding of no negligence, the appeal could still be properly disposed on the basis of the court’s finding of contributory negligence, without the necessity of remittal for a new trial.
For the reasons stated, and without intending to enunciate any broad rule, we hold in this instance that the rule of issue preclusion is applicable notwithstanding that in a precise sense the issue precluded was the subject of only an alternative determination by the trial court. The issue was fully litigated, and the party precluded had full opportunity to be heard and was in no way, motivationally or procedurally, restricted or inhibited in the presentation of his position. Additionally, and critically in our view, the decision of the trial court gives significant internal evidence of the thorough and careful deliberation by that court, both in its consideration of the proof introduced and of the applicable law, and the determination made, although recognized to be an alternative, served a substantial operational purpose in the judicial process, thus negativing any conclusion that the trial court’s resolution was casual or of any lesser quality than had the outcome of the trial depended solely on this issue.[2] (Sheldon v *53 Edwards, 35 NY 279.) We distinguish Halpern v Schwartz (426 F2d 102, 106) in which it was held that "when a prior judgment adjudicating one a bankrupt rests on two or more independent alternative grounds, it is not conclusive as to issues in trial of objections to discharge which issues were necessarily found in order to establish only one of those grounds”. The court reasoned that it would be particularly unwise to apply the rule of issue preclusion to determinations made in the predischarge stages of bankruptcy litigation. (See, also, Developments in the Law — Res Judicata, 65 Harv L Rev 818, 845-847.)
Accordingly, the order of the Appellate Division should be affirmed, with costs.

. The accident having occurred on October 13, 1974, the rights of the parties were determined under the law applicable prior to the enactment of CPLR 1411 which adopted the doctrine of comparative negligence (L 1975, ch 69).

. It is noted that, according to the Restatement, had an appellate court upheld both determinations made by the trial court, notwithstanding that they were no less alternative, the rule of issue preclusion would apply (Restatement, Judgments 2d, § 68, Comment o [Tent Draft No. 4 (April 15, 1977)], p 17).