OPINION OF THE COURT
Meyer, J.
Issue preclusion is available to protect a defendant who was not a party to an earlier lawsuit from the relitigation of an issue considered alternatively in the prior trial only when it is clear that the prior determination squarely addressed and specifically decided the issue. On the record before us it cannot be said that contributory negligence, which would bar plaintiffs’ recovery in the instant action,[1] was so determined in plaintiff’s prior action against other *281 defendants. Defendant’s motion for summary judgment was, therefore, correctly denied.
Plaintiff, Anthony O’Connor, then 16 years of age, was injured on February 11, 1967 in a Brooklyn railroad yard, when, having climbed a ladder on a freight car, he attempted to throw a snowball át his companions and his hand touched an overhead wire carrying 11,000 volts. An action brought by Anthony and his father against the railroads using the yard was dismissed at the end of the plaintiffs’ case, the Trial Judge ruling (1) that as a trespasser Anthony was owed only the duty of refraining from inflicting a willful or wanton injury; (2) that Anthony had violated Penal Law and Railroad Law provisions by going upon defendants’ tracks and cars; (3) that many cases, a number of which he cited, hold that in those circumstances the railroad is not liable, even though some of the plaintiffs involved in those cases were younger than Anthony; and (4) that plaintiffs had not substantiated a last clear chance theory because Anthony was not in a position from which he could not extricate himself, and the evidence did not establish that any of defendants’ employees had knowledge of Anthony’s situation in time to avoid the accident or failed to exercise care to do so. As part of his oral decision, the Trial Judge, just prior to his reference to the cases supporting his conclusion that defendants were not liable, stated: “The infant plaintiff not only disobeyed these statutes which were enacted for the benefit of the public but also deliberately and needlessly exposed himself to a known danger by climbing to the top of a freight car and moving about in a close proximity to live high tension wires.” No appeal was taken from the dismissal of the action against the railroads.
In this action Anthony and his father seek to recover from G & R Packing Co. whose yard adjoined the railroad yard and through whose yard Anthony gained access to the railroad yard. Contending that dismissal of the prior action was grounded on both absence of a breach of duty by the railroads and presence of contributory negligence, G & R Packing moved under CPLR 3211 and 3212 to dismiss. Its *282 motion was granted by Special Term, but that ruling was reversed in an exhaustive opinion by the Appellate Division.
We write essentially to place this matter in context with our decision in Malloy v Trombley (50 NY2d 46), which the Appellate Division had no opportunity to consider because it was handed down only four days before that court’s decision in the present case.'Malloy concerned the preclusive effect to be given a finding by the Court of Claims in negligence actions against the State, jointly tried, that both plaintiffs had been guilty of contributory negligence. In those actions both Malloy and Trombley contended that a State trooper had been negligent in stopping his vehicle on the southbound side of the roadway and leaving its headlights on while he went to inquire why Malloy’s vehicle was parked without lights at 10:30 p.m. partially on the northbound side of an unlighted rural highway. Trombley’s vehicle collided with the Malloy vehicle as Trombley proceeded northbound on the roadway. After a Bench trial, the Court of Claims Judge, aware of the pendency of the Supreme Court actions, held that each claimant had failed to prove negligence on the part of the State, and “[ajlthough unnecessary to a decision herein” (at p 50) that each was barred from recovery by his own contributory negligence. We held the contributory negligence finding preclusive in the later actions, noting that the thorough and careful deliberation of the Court of Claims Judge and the substantial operational purpose of his determination in relation to the judicial process made it evident that, though an alternative finding, the determination was neither “casual [n]or of any lesser quality than had the outcome of the trial depended solely on this issue” (50 NY2d, at p 52).
The contrast between the two situations is clear. Malloy dealt with findings of fact, made by the trier of fact, after a full trial, in an opinion which made evident that the Judge had firmly in mind the possible preclusive effect of his factual findings on the then pending other actions and which, since it spoke directly of “contributory negligence”, left no doubt that the precluded litigant had been given his day in court on that issue. In the present action, we deal with a Trial Judge’s ruling at the end of the plaintiff’s *283 case which involves no findings of fact. Rather it constitutes a holding that as a matter of law the evidence adduced was insufficient to present a question of fact for the jury. Because the statement of that holding was phrased in terms of Anthony’s status as a trespasser,[2] and the cases cited in support of the holding all concerned the duty of a landowner to a trespasser, there can be no question that the essence of the ruling was that no breach of duty had been proved. The same cannot be said with respect to the sentence quoted above in which the Judge before whom the railroad actions were tried arguably touched on plaintiff’s duty of care for his own safety. The ambivalence of the words used, and of the holding in relation to that issue, arises from a number of factors: the words “contributory negligence” were not used; the Trial Judge could not have had in mind the effect of his holding on the present action which was not begun until several months after his dismissal of the action against the railroads; none of the cases cited concerned contributory negligence, nor does the language used indicate that consideration had been given to Anthony’s age, experience, intelligence, and degree of development (see PJI 2:48), to “the well-known propensities of children to climb about and play” which a jury would be entitled to consider (Mayer v Temple Props., 307 NY 559, 563), or to the rule that contributory negligence “is a jury question in all but the clearest cases” (MacDowall v Koehring Basic Constr. Equip., 49 NY2d 824, 827). Litigation of the contributory negligence issue is not precluded by such a nonspecific nonfactual determination (cf. Bell v Merrifeld, 109 NY 202, 211; City Bank Farmers Trust Co. v Macfadden, 13 AD2d 395, 404, affd 12 NY2d 1035; Restatement, Judgments 2d [Tent Draft No. 2], § 88, Comment g).
Though not considered below, defendant argues before us that it is in any event entitled to summary judgment because plaintiffs’ response to its motion for that relief was simply an attorney’s affidavit which did not meet plaintiffs’ burden of demonstrating by admissible evidence the existence of a factual issue concerning contributory negligence *284 (Zuckerman v City of New York, 49 NY2d 557). That argument overlooks the fact that the trial transcript of the action against the railroads was appended to the attorney’s affidavit as an exhibit, as properly it might be (Zuckerman v City of New York, supra, at p 563). The testimony of Anthony and his father contained in that transcript presents a jury question on the issue of contributory negligence, bearing in mind the rules, averted to above, that contributory negligence is almost always an issue of fact and, with respect to an infant plaintiff, must be evaluated in light of the intelligence and development of the particular individual.
Because the less than explicit holding in the prior action should not be given preclusive effect and we cannot say on the evidence before us that Anthony was guilty of contributory negligence as a matter of law, the order of the Appellate Division should be affirmed, with costs, and the certified question answered in the affirmative.
Chief Judge Cooke and Judges Jasen, Gabrielli, Jones, Wachtler and Fuchsberg concur.
Order affirmed, etc.

. The incident out of which the action arises predates enactment of CPLR 1411 (L 1975, ch 69).

. Not until 1976 was the status distinction excised from premises liability law (Basso v Miller, 40 NY2d 233; Scurti v City of New York, 40 NY2d 433).