George CLARK, Plaintiff,

v.

DEPARTMENT OF CORRECTIONAL SERVICES, et al., Defendants.

No. 82 Civ. 2812 (WK).

United States District Court, S.D. New York.

June 8, 1983.

Neal McNamara, New York City, for plaintiff.

Robert Abrams, Atty. Gen., State of N.Y. by Bridget E. Farrell, Asst. Atty. Gen., New York City, for defendants.

## MEMORANDUM & ORDER

WHITMAN KNAPP, District Judge.

Plaintiff alleges that he was the victim of unnecessary force applied in 1980 by certain correction officers while they were transferring him from one cell block to another in Green Haven Correctional Facility. From this incident two law suits have arisen: the one before us, and one against the State of New York in the New York State Court of Claims. In both actions, plaintiff initially appeared *pro se,* and he remained so throughout the Court of Claims proceedings.[1] The Court of Claims, in a decision dated September 14, 1982 ("Decision"), dismissed plaintiff's claim against the State for negligently allowing the assault upon him. This decision was premised upon a finding that "the correction officers had to use force to compel claimant to comply . . . [t]he force used was not excessive." Decision at 2. Defendants now assert that plaintiff's claims in the action before us, brought against the Department of Correctional Services and the individual correction

officers under 42 U.S.C. § 1983, are barred by the doctrine of collateral estoppel. We disagree.

In *Allen v. McCurry* (1980) 449 U.S. 90, 101 S.Ct. 411, 66 L.Ed.2d 308, the Supreme Court established that collateral estoppel may be used to bar a plaintiff in a § 1983 action who has had the opportunity to litigate the same claims in a prior action, when these claims were actually litigated and decided, and were necessary to the decision in the prior action. *See also Rosenberg v. Martin* (2d Cir.1973) 478 F.2d 520, *cert. denied,* 414 U.S. 872, 94 S.Ct. 102, 38 L.Ed.2d 90. Although plaintiff's claim in the Court of Claims was not identical to that before us—State negligence as opposed to individual liability[2]—the Court of Claims did reach the issue now before us, and based its decision upon a finding that no excessive force had been used on plaintiff. The *Allen* test is thus met.[3]

However, collateral estoppel will not preclude continued litigation of an issue unless the litigant against whom it is invoked has had a full and fair opportunity to litigate that issue in a prior action. *Schwartz v. Public Administrator of the County of Bronx* (1969) 298 N.Y.S.2d 955, 24 N.Y.2d 65, 246 N.E.2d 725. In determining whether such an opportunity existed, we must consider, among other things, "the competence and experience of [plaintiff's] counsel" in the prior action. *Schwartz, supra,* 298 N.Y.S.2d at 960, 246 N.E.2d at 730; *see also Winters v. Lavine* (2d Cir.1978) 574 F.2d 46; *Cerbone v. County of Westchester* (S.D.N.Y.1981) 508 F.Supp. 780. Plaintiff asserts that despite his efforts he was so ill

---

1. Plaintiff is currently represented before us by court-appointed counsel.

2. Plaintiff's court-appointed counsel and defendants have agreed that the claim against the Department of Correctional Services is barred by the Eleventh Amendment to the United States Constitution and have informed us that they will file a stipulation dismissing this claim.

3. Plaintiff asserts that the Court of Claims finding that no individual liability existed was not necessary to its ultimate determination because the Court could have reached the same result— no State liability—in a different way, as for

instance by finding that individual liability did exist but that the State should not be held accountable for it. This misconstrues the *Allen* test, which requires only that the ultimate determination rest upon the finding in question; *i.e.,* that the finding not be *dicta* in the prior opinion. A finding with respect to one of several possible issues—or, indeed, consideration and determination in the alternative—may be the basis for collateral estoppel provided this criterion is met. *O'Connor v. G & R Packing Co.* (1981) 440 N.Y.S.2d 920, 53 N.Y.2d 278, 423 N.E.2d 397; *Shanley v. Callanan Industries, Inc.* (1981) 444 N.Y.S.2d 585, 54 N.Y.2d 56, 429 N.E.2d 104.

able to represent himself as to have lacked a full opportunity to present his claims. Far from being an "unsupported and conclusory allegation," *Cerbone, supra,* 508 F.Supp. at 785, as defendants suggest, this contention is well supported by the record.

Initially, we note that fully seven months prior to trial plaintiff had written to at least two Legal Aid organizations requesting aid, but, according to him, received no response.[4] Plaintiff further testified that he had written "the Court" prior to trial, explaining his lack of familiarity with the law and asking for assistance, similarly without result. Tr. at 54.[5] At the outset of the trial plaintiff, obviously confused and ill-prepared, stated that although he had received notice the previous month that the trial would start sometime in September, he had only been notified the night before of the actual date. (Tr. at 9.) During the course of the hearing itself plaintiff improperly and unsuccessfully attempted to present photographic evidence (Tr. at 5–6, 31); to obtain evidence from "the file" (Tr. at 27); to present witnesses (Tr. at 30–31, 54); and to present rebuttal testimony (Tr. at 41). Thus, while plaintiff did make numerous attempts to present his claims and represent himself effectively, he simply did not have the opportunity to do so which would have been vouchsafed a person—whether lawyer or *pro se* litigant—more cognizant of legal proceedings.

We stress that we do not rely for our decision merely on the fact that plaintiff proceeded *pro se* in the Court of Claims. Collateral estoppel is, of course, an equitable doctrine which permits "few immutable rules," *Gilberg v. Barbieri* (1981) 53 N.Y.2d 285, 441 N.Y.S.2d 49, 50, 423 N.E.2d 807, 808; and we recognize that there may well be situations in which it would be inequitable to allow a plaintiff who had proceeded *pro se* to allege that he was prevented from presenting his case. However, the record in this action convinces us that this is not such a case. We are further persuaded by the fact that plaintiff had apparently intended to bring only one action, in the Court of Claims, but upon being told that he could not sue the individual defendants there, promptly and before trial in the Court of Claims, instituted the action before us. (Tr. at 10.) This action is therefore not an attempt by an unsuccessful litigant to reinstitute a case which he had already lost. We find that the interests of justice will best be served by allowing plaintiff to pursue his § 1983 claim against the individual correction officers in the action before us. Defendants' motion to dismiss is therefore denied.

SO ORDERED.

---

4. A copy of plaintiff's letter is appended to plaintiff's Supplemental Memorandum in Opposition.

5. We have not been provided with a copy of this letter.