EDWARD ALDRICH et al., Respondents, v STATE OF NEW YORK, Appellant. (Claim No. 1.)

ROBERT M. NASH, SR., et al., Respondents, v STATE OF NEW YORK, Appellant. (Claim No. 2.)

Third Department, October 31, 1985

### APPEARANCES OF COUNSEL

*Robert Abrams, Attorney-General* (*Frank K. Walsh* and *Peter J. Dooley* of counsel), for appellant.

*David B. Gersh* (*Anthony P. Adorante* of *Welch, Welch & Carr* of counsel), for respondents.

### OPINION OF THE COURT

WEISS, J.

Claimants in these two actions are the owners of separate parcels of real estate along Slaterville Road in the Town of Caroline, Tompkins County. In separate actions commenced October 19, 1982, claimants seek personal injury and property damages stemming from the October 28, 1981 flooding of Six Mile Creek adjacent to their properties. Claimants allege that the flooding was caused, *inter alia,* by the State's negligence in the design, construction and maintenance of a bridge carrying

State Route 79 over the creek. The bridge, which originally was a single span across the creek, was replaced in 1963 with a twin box culvert design that claimants challenge as inappropriate. In a previous action, claimants had prosecuted a claim for damages caused by a flood at this same location on July 11, 1976. As in the instant case, claimants alleged in the prior case that the flooding was occasioned by the State's negligence in designing and constructing the subject bridge. After a four-day trial in April 1983, the Court of Claims (Moriarty, J.), held in the prior case (1) that the claimants' damages resulted from an act of God and (2) that "the bridge design was not evolved without adequate study nor was the utilization of a twin culvert design a departure from good engineering practice". Those claims were dismissed and no appeal was pursued.

The State thereafter served a supplemental answer in the instant action and moved for partial summary judgment on the ground that claimants were barred from relitigating so much of their claims as asserted negligence on the State's part in the design and construction of the subject bridge. The Court of Claims denied the motion, finding that the alternative grounds set forth in the earlier decision, each of which was independently sufficient to support the judgment, were not entitled to conclusive effect (*see,* Restatement [Second] of Judgments § 27 comment i [1982]). The court observed that Judge Moriarty's analysis of the negligence issue was essentially secondary and not necessary to the earlier decision, inasmuch as the storm was so severe that the damage would have resulted regardless of any negligence on the State's part.

On this appeal, the critical issue is whether the State's alleged negligence in the design and construction of the bridge was so reviewed in the prior action as to preclude relitigation. In *Malloy v Trombley* (50 NY2d 46, 50), the Court of Appeals rejected a mechanical application of the alternative determination rule adopted in the Restatement, which prevents issue preclusion in an instance of alternative grounds for a prior court's decision (*see,* Restatement [Second] of Judgments § 27 comment i [1982]). Thus, to the extent that the Court of Claims relied on the Restatement rule as dispositive, it did so improvidently. As clarified by the Court of Appeals in *O'Connor v G & R Packing Co.* (53 NY2d 278, 280), issue preclusion may serve to bar "relitigation of an issue considered alternatively in the prior trial only when it is clear that the prior determination *squarely addressed and specifically decided* the issue" (emphasis supplied). Contrary to the ruling of the Court of Claims, we find that the issue of the State's negligence concerning the bridge

design and construction was actually and fully litigated in the prior trial. Several factors support this conclusion.

In the prior action, claimants specifically alleged that the twin culvert design of the new bridge was not in conformance with good engineering practice in view of the debris generated by the geographical characteristics of the upstream watershed. Inasmuch as the claims in the present action had been filed before trial on the initial action, it becomes eminently clear that all parties and the court were cognizant of the possible preclusive effect of the court's ruling on this issue. Nor is there any suggestion that claimants were in any way inhibited from addressing the issue, which involved the essence of their claim (*cf. Kaufman v Lilly & Co.,* 65 NY2d 449 [defendant's failure to raise proper challenge to "concerted action" theory of liability in earlier action, avoids issue preclusion]). Significantly, a review of Judge Moriarty's decision confirms that the issue was thoroughly and carefully addressed. He specifically outlined the physical characteristics of the new bridge and noted that the stream channel was so altered as to accommodate a larger volume of water. The court reviewed the expert testimony of both sides, accrediting the State's witnesses who opined that the bridge was constructed in accord with proper engineering standards, which would not require consideration of the effects that a storm with a return frequency well in excess of 100 years, such as the one involved in 1976, might have on the bridge. By its terms, Judge Moriarty's decision addressed the negligence issue and, as the statement quoted above indicates, employed the correct standard of governmental liability for bridge design (*see, Weiss v Fote,* 7 NY2d 579, 589; *Atkinson v County of Oneida,* 77 AD2d 257, 260). Judge Moriarty's negligence ruling was not merely a "bald statement" lacking "critical deliberation" as observed by the Court of Claims, but a reasoned assessment of liability premised on extensive expert testimony.

On the basis of the foregoing, we hold that the rule of issue preclusion is applicable even though the issue precluded was the subject of only an alternative ruling by Judge Moriarty (*Malloy v Trombley, supra,* p 52; *cf. O'Connor v G & R Packing Co., supra*). Accordingly, the decision of the Court of Claims must be reversed and the State's motion for partial summary judgment granted.

MAHONEY, P. J., YESAWICH, JR., LEVINE and HARVEY, JJ., concur.

Order reversed, on the law, without costs, motion granted, and summary judgment is granted to the State dismissing those

portions of the claims seeking damages based on the State's negligent design and construction of the bridge on State Route 79.