(January 22, 1990)

■ AMBOY MANAGEMENT CO., INC., Appellant, v MONARCH CAR SERVICES, INC., et al., Defendants, and K.R. HOLDING CORP. et al., Respondents.—In an action, *inter alia,* for specific performance of a right of first refusal, the plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Richmond County (Sangiorgio, J.), dated July 13, 1988,

as granted the cross motion of the defendants K.R. Holding Corp., Kern and Reffler for summary judgment dismissing the complaint insofar as it is asserted against them.

Ordered that the order is affirmed insofar as appealed from, with costs.

In 1976 the plaintiff purchased a car wash business from the defendant Monarch Car Services, Inc. (hereinafter Monarch) but it did not also purchase the realty on which the business was operated. That realty was the subject of a separate 10-year lease between the plaintiff and Monarch which contained options to renew for two additional 10-year terms but which also contained a provision that if Monarch sold the realty, the transferee, at its option, could terminate the lease. A rider to the contract for the sale of the business, however, afforded the plaintiff a right of first refusal with respect to the purchase of the realty. The plaintiff did not record the contract or its rider.

In 1983, Monarch sold the premises to the defendant K.R. Holding Corp., the principals of which are the defendants Kern and Reffler. Upon the plaintiff's refusal to surrender the realty, K.R. Holding Corp. instituted a holdover summary proceeding wherein plaintiff challenged the validity of the clause of the lease which provided that if Monarch sold the realty, its transferee had the right to terminate the lease. Although the plaintiff was successful in persuading the Civil Court of the City of New York, Richmond County, that the then disputed clause was inserted by mutual mistake, the Appellate Term of the Supreme Court for the Second and Eleventh Judicial Districts on November 12, 1986, directed that judgment be entered in favor of K.R. Holding Corp. It ruled in its underlying decision that K.R. Holding Corp. was an innocent purchaser for value and noted that, although the plaintiff cross-appealed from so much of the judgment as dismissed its affirmative defenses, the plaintiff failed to raise any ground which would prevent entry of judgment in favor of "the landlord", the defendant K.R. Holding Corp.

In 1988, after denials of its several applications for reargument and leave to appeal from the order of the Appellate Term, the plaintiff commenced this action for rescission of the sale of realty by Monarch to K.R. Holding Corp. and for conveyance to it of that property. The plaintiff alleged, *inter alia,* that K.R. Holding Corp. and its principals were on notice of but ignored the right of first refusal contained in the rider to the contract between the plaintiff and Monarch for sale of

the business. Following joinder of issue and in response to the plaintiff's motion for preliminary injunctive relief, K.R. Holding Corp. and its principals cross-moved for summary judgment dismissing the complaint, asserting, *inter alia,* as they did by their pleading, that laches and the final determination in the landlord-tenant proceeding barred this action.

In granting the cross motion, the Supreme Court searched the record and ruled that the plaintiff had failed to raise an issue with respect to whether K.R. Holding Corp. was an innocent purchaser for value. It should not have reached that issue. The plaintiff could have but did not challenge K.R. Holding Corp.'s status as the petitioning landlord while defending against K.R. Holding Corp.'s ultimately successful demand for possession of the realty *(see,* RPAPL 743), and the plaintiff may not relitigate that issue here *(see, Ryan v New York Tel. Co.,* 62 NY2d 494, 500-501; *cf., O'Connor v G & R Packing Co.,* 53 NY2d 278; *Matter of American Ins. Co. [Messinger—Aetna Cas. & Sur. Co.],* 43 NY2d 184, 189-194). Indeed, the plaintiff may not at this juncture destroy or impair rights established in the summary proceeding *(see, Modell & Co. v Minister, Elders & Deacons of Ref. Prot. Dutch Church,* 68 NY2d 456; *cf.,* RPAPL 747 [2]). Because of common-law principles of claim preclusion, K.R. Holding Corp. and its principals are entitled to summary judgment dismissing the complaint insofar as it is asserted against them. Bracken, J. P., Lawrence, Harwood and Balletta, JJ., concur.