■ In the Matter of ATLANTIC MUTUAL INSURANCE Co., Respondent, v CALOGERO LAURIA et al., Appellants. AUTOMOBILE INSURANCE Co. OF HARTFORD, Additional Respondent. [739 NYS2d 394] —In a proceeding pursuant to CPLR article 75 to permanently stay arbitration of an underinsured motorist claim, the appeal is from an order of the Supreme Court, Suffolk County (Doyle, J.), dated March 26, 2001, which granted the petition and permanently stayed arbitration.

Ordered that the order is reversed, on the law, with costs, and the matter is remitted to the Supreme Court, Suffolk County, for further proceedings consistent herewith.

On October 3, 1993, Calogero Lauria and Christopher Lauria were involved in an accident with another motor vehicle while traveling in a motor vehicle insured by the petitioner, Atlantic Mutual Insurance Company (hereinafter Atlantic Mutual). The offending motor vehicle was insured by State Farm Insurance Company (hereinafter State Farm). The State Farm policy had limits of $10,000 per person and $20,000 per occurrence. The Laurias settled with State Farm, with the consent of Atlantic Mutual, for $5,000 each. By letter dated September 29, 1998, State Farm represented that its policy limits were exhausted.

The Laurias served a demand for underinsured motorist arbitration by the American Arbitration Association (hereinafter AAA). The Supreme Court, Suffolk County, granted the petition of Atlantic Mutual to permanently stay that arbitration "for two reasons." First, the AAA was not the proper forum in which to seek arbitration, and therefore, the Laurias had failed to comply with the procedures set forth in their policy with respect to arbitration. Second, the Supreme Court stated, "it does not appear" that State Farm's policy limits were exhausted. The Laurias did not appeal from this order.

The Laurias thereafter served a demand for three man common-law arbitration as was required by their insurance policy. Atlantic Mutual moved, inter alia, to permanently stay arbitration. The Supreme Court granted the motion on the ground that "it [did] not appear" that the State Farm policy limits had been exhausted.

Contrary to Atlantic Mutual's argument, this Court is not bound by the Supreme Court's order dated October 14, 1999, even though the Laurias did not appeal from that order. The doctrine of the law of the case does not apply in an appellate court when the prior order was made by a court of subordinate

jurisdiction and no appeal was taken (*see, Scott v Transkrit Corp.,* 91 AD2d 682, 683). We conclude that the Supreme Court's determination that "it [did] not appear" that the State Farm policy limits had been exhausted was merely an alternate ground for granting a permanent stay of the Laurias' first demand for arbitration. Moreover, the Supreme Court erred in permanently staying the Laurias' second demand for underinsured motorist arbitration on the basis of collateral estoppel.

The doctrine of collateral estoppel, an equitable doctrine, "precludes a party from relitigating 'an issue which has previously been decided against him in a proceeding in which he had a fair opportunity to fully litigate the point'" (*Kaufman v Eli Lilly & Co.,* 65 NY2d 449, 455, quoting *Gilberg v Barbieri,* 53 NY2d 285, 291; *see, D'Arata v New York Cent. Fire Ins. Co.,* 76 NY2d 659, 664; *Koch v Consolidated Edison Co. of N.Y.,* 62 NY2d 548, 554, n 2, *cert denied* 469 US 1210; *Ryan v New York Tel. Co.,* 62 NY2d 494). Preclusive effect may be given to an issue considered in the alternative only when it is clear that the issue was actually litigated, squarely addressed, and specifically decided (*see, O'Connor v G & R Packing Co.,* 53 NY2d 278, 280; *Malloy v Trombley,* 50 NY2d 46, 50). Moreover, "[t]he issue must have been material to the proceeding and essential to the decision rendered therein" (*Wollman v Long Is. Jewish Med. Ctr.,* 170 AD2d 673, 675).

Here, the determination that the limits of the State Farm policy "[did] not appear" to be exhausted was clearly an alternate ground to stay arbitration. After the Supreme Court determined that the Laurias demanded arbitration in the wrong forum it was unnecessary to reach the issue of whether the State Farm policy limits were exhausted. Furthermore, it is unclear from the wording of the order dated October 14, 1999, whether the Supreme Court fully considered the issue of exhaustion of the State Farm policy limits. It cannot be said that the issue was actually litigated and specifically decided. Certainly, however, it was not material to the determination rendered.

The justification for the alternative determination exception to the general rule concerning issue preclusion is said to be that the determination in the alternative may not have been as carefully or as rigorously considered as it would have been if it had been necessary to the result, and in that sense it has some of the characteristics of dicta (*see, Malloy v Trombley, supra,* at 50). Because the prior determination in the order dated October 14, 1999, was obviously given preclusive effect by the Supreme Court in the order on appeal, we reverse inasmuch as there is

a question as to whether the State Farm policy limits have been exhausted. Accordingly, this matter is remitted to the Supreme Court, Suffolk County, for the purpose of holding a hearing on the issue of whether the limits of the State Farm policy were exhausted, and thereafter for a new determination on Atlantic Mutual's motion. Santucci, J.P., Goldstein, Luciano, Schmidt and Crane, JJ., concur.