[897 NE2d 1044, 868 NYS2d 563]

Frieda Tydings, Respondent, v Greenfield, Stein & Senior, LLP, Appellant.

Argued September 10, 2008; decided October 16, 2008

**POINTS OF COUNSEL**

*Kavanagh Maloney & Osnato LLP,* New York City (*James J. Maloney, David F. Bayne* and *Steven M. Cordero* of counsel), for appellant. I. The order of the Appellate Division should be reversed because it has created new law in conflict with this Court's precedents. (*Vavolizza v Krieger,* 33 NY2d 351; *Moore v Aegon Reins. Co. of Am.,* 196 AD2d 250; *Buechel v Bain,* 97 NY2d 295; *D'Arata v New York Cent. Mut. Fire Ins. Co.,* 76 NY2d 659; *Ross v Medical Liab. Mut. Ins. Co.,* 75 NY2d 825; *O'Connor v G & R Packing Co.,* 53 NY2d 278; *Malloy v Trombley,* 50 NY2d 46; *Halpern v Schwartz,* 426 F2d 102; *Gelb v Royal Globe Ins. Co.,* 798 F2d 38; *Aldrich v State of New York,* 110 AD2d 331.) II. In the alternative, the order of the Appellate Division should be reversed because plaintiff did not have a valid statute of limitations defense in the accounting action. (*Matter of Barabash,* 31 NY2d 76; *Kaszirer v Kaszirer,* 286 AD2d 598; *Craig v Bank of N.Y.,* 169 F Supp 2d 202; *Spallholz v Sheldon,* 216 NY 205; *Matter of Alpert,* 234 AD2d 150; *Matter of Zilkha,* 174 AD2d 331; *Matter of Ashheim,* 111 App Div 176,

185 NY 609; *Matter of Mayo*, 11 Misc 3d 1072[A], 2006 NY Slip Op 50525[U]; *Nobile v Schwartz*, 265 F Supp 2d 282; *Matter of Meyer*, 303 AD2d 682.)

*Proskauer Rose LLP*, New York City (*Bertrand C. Sellier* and *Andy S. Oh* of counsel), and *Peter M. Levine* for respondent. I. The Appellate Division's decision is entirely consistent with New York law of collateral estoppel. (*Matter of Halyalkar v Board of Regents of State of N.Y.*, 72 NY2d 261; *Gilberg v Barbieri*, 53 NY2d 285; *Windowizards, Inc. v S & S Improvements, Inc.*, 11 Misc 3d 130[A], 2006 NY Slip Op 50310[U]; *Buechel v Bain*, 97 NY2d 295; *Staatsburg Water Co. v Staatsburg Fire Dist.*, 72 NY2d 147; *Sucher v Kutscher's Country Club*, 113 AD2d 928; *Commissioners of State Ins. Fund v Low*, 3 NY2d 590; *Avon Dev. Enters. Corp. v Samnick*, 286 AD2d 581; *Church v New York State Thruway Auth.*, 16 AD3d 808; *Ryan v New York Tel. Co.*, 62 NY2d 494.) II. The substantive limitations issue is not properly before this Court and, in any event, the Appellate Division correctly stated the law with respect to whether a resignation can constitute a repudiation for purposes of the statute of limitations. (*Matter of Barabash*, 31 NY2d 76; *Kaszirer v Kaszirer*, 286 AD2d 598; *Craig v Bank of N.Y.*, 169 F Supp 2d 202; *Spallholz v Sheldon*, 216 NY 205; *Matter of Carpenter [American Sur. Co. of N.Y.]*, 271 App Div 71, 297 NY 498; *Price v Price*, 69 NY2d 8; *General Fireproofing Co. v Keepsdry Constr. Co.*, 225 NY 180; *Coatsworth v Lehigh Val. Ry. Co.*, 156 NY 451; *Westchester Religious Inst. v Kamerman*, 262 AD2d 131; *Nobile v Schwartz*, 265 F Supp 2d 282.)

**OPINION OF THE COURT**

SMITH, J.

We hold that collateral estoppel does not prevent relitigation of a ruling that was an alternative basis for a trial-level decision, where an appellate court affirmed the decision without addressing that ruling. We also hold that, when a trustee resigns, the statute of limitations governing an action to compel her to account runs from the date the trusteeship is turned over to a successor trustee.

I

Frieda Tydings brings this legal malpractice action against the law firm of Greenfield, Stein & Senior, LLP (GSS), alleging that GSS's negligence in defending a proceeding to compel an accounting caused her damage.

Tydings served for several years as trustee of a grantor trust created by Tydings's relative, Ricki Singer. She resigned on January 1, 1997, and was succeeded as trustee by Singer's brother on that date. For more than six years after that, Tydings rendered no accounting. On August 20, 2003, Singer filed a petition in Surrogate's Court, seeking a compulsory accounting from both Tydings and Tydings's successor as trustee.

Tydings retained GSS to represent her. The law firm filed a notice of appearance but did not answer the petition or assert, in any form, a statute of limitations defense. The Surrogate ordered Tydings to provide an accounting, which she did. Singer objected to the accounting and Tydings, now represented by new counsel, moved to dismiss the objections, relying on the six-year statute of limitations (CPLR 213 [1]). The Surrogate denied Tydings's motion on two alternative grounds: that Tydings had failed to show the statute expired before the proceeding to compel an accounting was begun, and that the statute of limitations defense was unavailable to Tydings because she asserted it too late (*Matter of Singer*, 12 Misc 3d 621, 624-626 [Sur Ct, NY County 2006]). The Appellate Division affirmed the Surrogate's order on the second ground only, holding that Tydings "waived her statute of limitations defense by failing to raise it in response to the grantor's petition to compel an accounting" (*Matter of Singer*, 30 AD3d 211 [2006]).

Tydings then began this action against GSS. She claims that the accounting proceeding against her would have been dismissed if GSS's negligence had not caused her to waive her statute of limitations defense. Of course, this could be true only if the defense had merit. GSS moved to dismiss, contending that Tydings was bound by the Surrogate's alternative holding, in the previous proceeding, rejecting her statute of limitations argument. Supreme Court granted the motion (14 Misc 3d 1233[A], 2007 NY Slip Op 50279[U]), but the Appellate Division reversed, holding that the Surrogate's ruling on the statute of limitations issue should not be given collateral estoppel effect (*Tydings v Greenfield, Stein & Senior, LLP*, 43 AD3d 680 [1st Dept 2007]). The Appellate Division also discussed the merits of that issue: it rejected the Surrogate's reasoning and said that the statute of limitations began to run upon Tydings's "resignation as trustee and surrender of the trusteeship to a successor" (*id.* at 683 n). The Appellate Division granted leave to appeal to us on a certified question, and we now affirm.

## II

Collateral estoppel bars relitigation of an issue "which has necessarily been decided in [a] prior action and is decisive of the present action" if there has been "a full and fair opportunity to contest the decision now said to be controlling" (*Buechel v Bain*, 97 NY2d 295, 303-304 [2001]). When a decision rests on two independent grounds, either of which could support it alone, the general rule, according to the Restatement (Second) of Judgments, is that neither holding is binding for collateral estoppel purposes (Restatement [Second] of Judgments § 27, Comment *i*). In *Malloy v Trombley* (50 NY2d 46 [1980]), however, we departed from the Restatement rule.

Malloy and Trombley were both injured when Malloy's car ran into Trombley's on a highway. Both brought claims against the State in the Court of Claims. The Court of Claims tried the two cases jointly and dismissed them both, finding in the alternative that the State was not negligent and that both Malloy and Trombley were contributorily negligent; because the accident occurred before the effective date of the comparative negligence law, contributory negligence was a complete bar to recovery. No party appealed from the Court of Claims decision.

Malloy also brought a negligence action against Trombley. We affirmed the dismissal of that action, holding it was barred by the Court of Claims' finding that Malloy was guilty of contributory negligence. We took note of "the recognized principle that conclusive effect is not to be accorded a finding which is but an alternative ground for the prior court's decision," but decided not to "apply that principle rigidly" (50 NY2d at 49). We based our decision on the circumstances present in *Malloy*, and said we did not intend "to enunciate any broad rule" (*id.* at 52). Judge Fuchsberg, whose vote was necessary to the outcome, wrote a concurring opinion in which he stressed that the result was tied to "the particular facts and circumstances in this case" (*id.* at 53 [Fuchsberg, J., concurring]). He described those circumstances in detail, including "the unhurried and painstaking care" with which the Court of Claims trial had been conducted (*id.*) and the fact that, in his view, the Court of Claims' finding on the contributory negligence issue was "[p]ragmatically . . . not open to any serious dispute" (*id.* at 54).

It is obvious both from the 4-3 vote and from the opinions of the majority judges that *Malloy* was a close case. Our later decision in *O'Connor v G & R Packing Co.* (53 NY2d 278, 280

[1981]), declining to apply collateral estoppel to an alternative ground for decision when it was not "clear that the prior determination squarely addressed and specifically decided the issue," shows that, while we have not abandoned *Malloy*, we have not been willing to extend it. But GSS asks us to extend it here, by applying collateral estoppel where the losing party in the earlier case tried, unsuccessfully, to get appellate review of the alternative holding now being invoked against her. We will not take this further step.

This case is different from *Malloy*, in which the losing party in the first lawsuit could have appealed but did not. Tydings did appeal the first decision against her, and challenged the Surrogate's statute of limitations holding, but was unable to get an appellate ruling on the issue. It is significantly less clear here than it was in *Malloy* that the losing party had a full and fair chance to overturn the earlier decision.

GSS cites no case from any jurisdiction in which an alternative holding has been held binding for collateral estoppel purposes after an appellate court affirmed the earlier judgment without considering that holding. Several decisions by the Appellate Division (*Sabbatini v Galati*, 43 AD3d 1136, 1139 [2d Dept 2007]; *Vincent v Thompson*, 50 AD2d 211, 213 [2d Dept 1975]) and by federal courts (*Gelb v Royal Globe Ins. Co.*, 798 F2d 38, 45 [2d Cir 1986]; *Hannahville Indian Community v United States*, 180 Ct Cl 477, 485 [1967]) adopt the opposite rule. As the Second Circuit put it in *Gelb*: "[I]f an appeal is taken and the appellate court affirms on one ground and disregards the other, there is no collateral estoppel as to the unreviewed ground" (798 F2d at 45). *Gelb* was stating federal law, but we hold today that New York law is the same.

For this reason, the Surrogate's decision on the statute of limitations issue does not bind Tydings in the present lawsuit. Tydings argues that the same is true for another reason also— that the Surrogate's decision was on a pure question of law, to which the doctrine of collateral estoppel does not apply (*American Home Assur. Co. v International Ins. Co.*, 90 NY2d 433, 440 [1997]). We have no need to consider this argument.

### III

Even though the Surrogate's decision is not binding as a matter of collateral estoppel, GSS would still be entitled to dismissal of this case if the Surrogate had been correct in holding that the statute of limitations defense, which GSS failed to

plead, lacked merit. We conclude, however, that the statute of limitations defense was a good one, and would have required dismissal of the accounting proceeding against Tydings if it had been timely asserted.

The parties agree that an accounting proceeding against a former trustee is governed by CPLR 213 (1), which lists "an action for which no limitation is specifically prescribed by law" among actions that "must be commenced within six years." The disputed question here is: within six years of what? We answered this question nearly a century ago, when we said, speaking through Judge Cardozo:

> "While an express trust subsists and has not been openly renounced, the Statute of Limitations does not run in favor of the trustee. But *after the trust relation is at an end, and the trustee has yielded the estate to a successor,* the rule is different. *The running of the statute then begins,* and only actual or intentional fraud will be effective to suspend it" (*Spallholz v Sheldon,* 216 NY 205, 209 [1915] [citations omitted and emphasis added]).

We see no reason to depart from the rule of *Spallholz.* It is easy to understand and easy to apply, and gives the successor trustee and the beneficiaries six full years to bring an accounting proceeding after the former trustee's role has come to an end. In this case, Tydings turned over the trusteeship to a successor on January 1, 1997, and the accounting proceeding was brought more than six years later, on August 20, 2003. It was brought too late.

GSS argues for a different rule, contending that the statute does not start to run until the former trustee is asked to give an accounting and refuses to do so. That rule is an impractical one; its effect would be that the statute would not start to run for years, perhaps decades, if the former trustee was never asked for an accounting and had no occasion to say that she would not give one. GSS claims, however, that its rule is supported by *Matter of Barabash* (31 NY2d 76 [1972]). We disagree.

*Barabash* is a different kind of case. The fiduciary there was the administrator of a decedent's estate, and was also the decedent's nephew. The administrator had distributed the entire estate to himself, ignoring the rights of the decedent's children. The children sued for an accounting some 17 years later. It was

not suggested in *Barabash* that the administrator had resigned, or turned over his office to a successor. We held that, on those facts, the statute did not begin to run until the administrator openly repudiated his obligation to account. Until that repudiation occurred, the beneficiaries of the estate were entitled to assume that the administrator would perform his trust responsibilities. But here, Singer knew on January 1, 1997 that her brother had replaced Tydings as trustee. Knowing that Tydings was no longer her fiduciary, she was not justified in waiting indefinitely to demand an accounting.

The Surrogate in the *Singer* accounting proceeding did not adopt GSS's present theory, but held that the "statute of limitations can begin to run on the beneficiary's right to an accounting only where the former fiduciary has failed to have accounted after a reasonable time to do so has passed" (12 Misc 3d at 625). The Surrogate's theory, as we understand it, is that the beneficiaries or the successor trustee cannot or should not bring action to compel an accounting until a reasonable time after the resignation, and that the statute should not start running before suit can be brought.

The Surrogate's theory would leave the courts with the problem of deciding what a reasonable time is. In this case, for example, the accounting proceeding was brought six years, seven months and 19 days after Tydings turned the trusteeship over to her successor—so that, on the Surrogate's reasoning, it would be necessary to decide whether seven months and 19 days was more or less than a reasonable time to account. We prefer the clearer and simpler rule that the time starts running when a successor trustee is put in place. This rule does not give Singer less than six years to sue, for she could have sought to compel an accounting the day after Tydings's resignation if she had wanted to. Under Surrogate's Court Procedure Act § 2205 (1), "the court may *at any time*, upon it appearing that it is for the best interests of the estate, make an order . . . requiring a fiduciary to file an intermediate or final account" (SCPA 2205 [1] [a] [emphasis added]).

For all these reasons, we reaffirm the rule of *Spallholz*: running of the statute of limitations on a proceeding to compel an accounting begins when "the trust relation is at an end, and the trustee has yielded the estate to a successor" (216 NY at 209).

## IV

Accordingly, the order of the Appellate Division should be affirmed with costs. The certified question should be answered in the affirmative.

Judges CIPARICK, GRAFFEO, READ, PIGOTT and JONES concur; Chief Judge KAYE taking no part.

Order affirmed, etc.