■ Jay Mitchell Bauman, M.D., Appellant-Respondent, v Mount Sinai Hospital et al., Respondents-Appellants. [898 NYS2d 137]—

Order, Supreme Court, New York County (Walter B. Tolub, J.), entered September 26, 2008, which, in an action alleging unlawful discrimination and retaliatory discharge, granted so much of defendants' motion as sought to dismiss the complaint on res judicata grounds and denied that portion of the motion seeking an award of costs and attorneys' fees, unanimously modified, on the law, the motion to dismiss denied and the complaint reinstated, and otherwise affirmed, without costs.

This is one of a series of proceedings that plaintiff, an obstetrician and gynecologist, has brought in connection with the suspension of his staff privileges at the defendant hospital for, among other things, allegedly misusing labor-inducing drugs on patients, and his subsequent termination from the medical staff for, among other things, violating a stipulation that had partially lifted his suspension. In 2005, plaintiff brought an action for

money damages against defendants and others in the Southern District of New York, alleging federal claims for violation of the Health Care Quality Improvement Act of 1986 (42 USC § 11101 *et seq.*) and the Racketeer Influenced and Corrupt Organizations Act (18 USC §§ 1341, 1343, 1347), as well as state common-law claims for defamation and fraud.[1] The federal court dismissed the action on alternative grounds. First, the court applied the doctrine of primary jurisdiction and held that plaintiff first should have presented his claims, which involved reviewing medical data, to the New York City Public Health Council (PHC) because of its expertise in that area (*Bauman v Mount Sinai Hosp.*, 452 F Supp 2d 490, 499-501 [SD NY 2006]).[2] Second, the court, after reviewing the factual allegations in the case, held that "assuming the doctrine of primary jurisdiction is inapplicable, I consider plaintiffs' claims on the merits and conclude that they are without merit" (*id* at 499).

In this action, plaintiff asserts claims for discrimination and retaliation under Administrative Code of the City of New York § 8-107, alleging that his suspension and termination were motivated by bias against his and his patients' creed. Supreme Court granted defendants' motion to dismiss, concluding, based on the federal action, that this action was barred by res judicata. While the claims in the federal action and this action arise out of the same events and plaintiff could have asserted his current claims before the federal court (*see O'Brien v City of Syracuse*, 54 NY2d 353, 357-358 [1981]), the federal dismissal does not operate as a bar here. That court's ruling on the merits does not have preclusive effect because its alternative ground for dismissal (primary jurisdiction) did not go to the merits, and standing alone, would not have res judicata effect (*see* Restatement [Second] of Judgments § 20, Comment *e*; *see also Tydings v Greenfield, Stein & Senior, LLP*, 11 NY3d 195, 199 [2008]). Moreover, if the alternative ground had been preclusive, plaintiff should not have been directed to go to the PHC.

Plaintiff's commencement of this action did not constitute

---

1. In July 2005, plaintiff brought an article 78 proceeding against the hospital and various hospital staff members, administrators and doctors seeking an injunction to restore his privileges. The court dismissed the petition for failure to exhaust administrative remedies.

2. In August 2006, plaintiff filed a complaint with the PHC against the hospital pursuant to Public Health Law § 2801-b, claiming that his privileges were terminated for "interpersonal, departmental and political reasons." In May 2007, the PHC notified plaintiff that it did not credit the complaint and that it found that the hospital's "reasons for terminating your privileges were consistent with Public Health Law Section 2801-b (related to standards of patient care and patient welfare)." The parties have not raised the question whether the PHC determination has preclusive effect.

"frivolous conduct" within the meaning of 22 NYCRR 130-1.1. Concur—Friedman, J.P., Moskowitz, Renwick, Freedman and Román, JJ. **[Prior Case History: 2008 NY Slip Op 32597(U).]**