■ In the Matter of FRANK A. LEE, Deceased. BRENDA VAN DER MIJE et al., Appellants; BANK OF NEW YORK MELLON et al., Respondents. (Proceeding No. 1.) In the Matter of JANE E. LEE, Deceased. BRENDA VAN DER MIJE et al., Appellants; BANK OF NEW YORK MELLON et al., Respondents. (Proceeding Nos. 2-4.) [61 NYS3d 555]—

Consolidated appeals from three decrees of the Surrogate's Court, Nassau County (Edward W. McCarty III, S.), each dated December 19, 2014, and one decree of that court dated December 24, 2014. The decrees, upon an order of that court dated June 30, 2014, granting the separate motions of Bank of New York Mellon and Merrill Lynch Trust Company to dismiss the petitions for judicial accountings of four separate trusts

insofar as asserted against each of them, dismissed the petitions.

Ordered that the decrees are affirmed, with one bill of costs payable by the appellants individually.

The decedent Frank A. Lee, who died in 1968, and the decedent Jane E. Lee, who died in 1981, each established a testamentary trust through their respective wills. In addition, Jane E. Lee established inter vivos trusts in 1970 and 1976. The petitioner Brenda Van der Mije is the decedents' granddaughter, and the petitioners Alberto Van der Mije, Peter Van der Mije, and Alexis Van der Mije are Brenda's children and the decedents' great-grandchildren. The petitioners were beneficiaries of each of the four trusts. The respondent Bank of New York Mellon (hereinafter BNY) served as the trustee or cotrustee of the trusts from the time each was established until the respondent Merrill Lynch Trust Company (hereinafter Merrill Lynch) succeeded it as trustee or cotrustee on December 13, 2001, for the inter vivos trusts, and on January 3, 2002, for the testamentary trusts. When BNY resigned, the petitioners each executed a release in favor of BNY regarding its management of the trusts. All four trusts terminated upon the death of the decedents' son, Frank A. Lee, Jr., on May 22, 2008. In 2009, the petitioners each executed releases in favor of Merrill Lynch releasing it from claims based on its management of the trusts since the time it succeeded BNY as trustee or cotrustee.

In December 2013, the petitioners commenced these four proceedings, seeking to compel judicial accountings of the trusts by BNY and Merrill Lynch. BNY and Merrill Lynch separately moved to dismiss the four petitions insofar as asserted against each of them, citing the respective releases and the statute of limitations. In an order dated June 30, 2014, the Surrogate's Court granted the motions, and, in four separate decrees, dismissed the petitions. The petitioners appeal from the decrees.

"[A] fiduciary, as an executor or trustee, is obligated to account for his or her decisions and actions in administering an estate or trust" (*Matter of Lifgren*, 36 AD3d 1042, 1044 [2007]; *see* SCPA art 22; *see also Matter of Hunter*, 4 NY3d 260, 267 [2005]). While formal accountings are done in the context of a judicial proceeding, "[a] fiduciary may settle [its] account . . . by an out-of-court informal accounting and 'such an informal accounting is as effectual for all purposes as a settlement pursuant to a judicial decree' " (*Matter of LeoGrande*, 13 Misc 3d 1070, 1076 [Sur Ct, Nassau County 2006], quoting *Matter of Kahn*, 144 NYS2d 253, 255 [Sur Ct, Westchester County 1955],

*affd* 2 AD2d 893 [1956]; *see generally Matter of Wagner*, 119 NY 28, 34-35 [1890]). " '[I]f a fiduciary gives full disclosure in [its] accounting, to which the beneficiaries are parties . . . they should have to object at that time or be barred from doing so after the settlement of the account' " (*Matter of Lifgren*, 36 AD3d at 1044, quoting *Matter of Hunter*, 4 NY3d at 271). Where the validity of a release is challenged, "the fiduciary must affirmatively demonstrate that the beneficiaries were made aware of the nature and legal effect of the transaction in all its particulars" (*Matter of Birnbaum v Birnbaum*, 117 AD2d 409, 416 [1986]).

Here, the Surrogate's Court should not have dismissed the petitions insofar as asserted against BNY on the basis that the claims were barred by the releases. BNY did not affirmatively demonstrate that all of the petitioners, who at the time of execution were not represented by counsel, were fully aware of the nature and legal effect of the releases at that time (*see id.* at 416; *Matter of Hunter*, 190 Misc 2d 593, 600 [Sur Ct, Westchester County 2002]). Nevertheless, the court properly determined, in the alternative, that the claims against BNY for an accounting were time-barred. Claims for an accounting are subject to a six-year statute of limitations (*see* CPLR 213 [1]; *Tydings v Greenfield, Stein & Senior, LLP*, 11 NY3d 195, 201 [2008]). The claims against BNY accrued when Merrill Lynch succeeded it as trustee or cotrustee on December 13, 2001, and January 3, 2002. Accordingly, those claims expired before the petitioners commenced these proceedings (*see Tydings v Greenfield, Stein & Senior, LLP*, 11 NY3d at 202; *Spallholz v Sheldon*, 216 NY 205, 209 [1915]). In addition, the court properly concluded that the claims against BNY were not tolled by fraud, and, contrary to the petitioners' contention, the doctrine of equitable estoppel does not apply (*see Zumpano v Quinn*, 6 NY3d 666, 675 [2006]; *Cusimano v Schnurr*, 137 AD3d 527, 532 [2016]). Therefore, the court properly dismissed the petitions insofar as asserted against BNY.

With respect to Merrill Lynch, the Surrogate's Court properly determined that the releases executed by the petitioners in connection with the informal settlement of the trusts were valid. The petitioners executed these releases, confirming receipt of an informal accounting and discharging Merrill Lynch from all liability and any claim for a formal judicial accounting, upon the advice of legal counsel and after negotiations (*see generally Centro Empresarial Cempresa S.A. v América Móvil, S.A.B. de C.V.*, 17 NY3d 269, 278 [2011]; *Matter of James*, 287 NY 645 [1941]). The petitioners' contentions

that Merrill Lynch did not provide them with full disclosure and that the terms of the releases were improper are without merit (*see Matter of Lifgren*, 36 AD3d at 1044; *Matter of Ohrback*, 4 Misc 2d 964, 967 [Sup Ct, NY County 1955]). Accordingly, the court properly dismissed the petitions insofar as asserted against Merrill Lynch.

In light of our determination, the petitioners' remaining contentions need not be reached. Eng, P.J., Leventhal, Sgroi and Maltese, JJ., concur.