Home Depot U.S.A., Inc. v State of New York (2022 NY Slip Op 02757)

Home Depot U.S.A., Inc. v State of New York

2022 NY Slip Op 02757

Decided on April 26, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: April 26, 2022

Before: Renwick, J.P., Kapnick, Gesmer, Shulman, JJ. 

Index No. 135210 Appeal No. 15802-15802A Case No. 2021-01991, 2021-03853 

[*1]Home Depot U.S.A., Inc., as Assignee, Claimant-Appellant,
v
The State of New York, Defendant-Respondent.

L'Abbate, Balkan, Colavita & Contini, L.L.P., Melville (Ronan P. Doherty of counsel), for appellant.
Herzfeld & Rubin, P.C., New York (Miriam Skolnik of counsel), for respondent.

Order, Court of Claims of the State of New York (Richard E. Sise, J.), entered May 5, 2021, which, to the extent appealed from, denied claimant Home Depot U.S.A., Inc.'s, motion for summary judgment on its claim for breach of contract against the New York State Insurance Fund (SIF), unanimously affirmed. Order, same court and Judge, entered October 1, 2021, which, in effect, granted Home Depot's motion for leave to renew and reargue, and upon renewal and reargument, adhered to its prior determination, unanimously affirmed, without costs.
In this breach of contract action, plaintiff Home Depot seeks coverage under an Employer's Liability Policy issued by the New York State Insurance Fund (SIF) to its assignee, Bryan's Home Improvement Corporation (Bryan's). The Employer's Liability Policy at issue provides coverage for "all sums you [Bryan's] must pay as damages [to a third-party] because of injury to your employees . . . where recovery is permitted by law." Pursuant to Workers' Compensation Law ("WCL") § 11, recovery in a third-party indemnification action against an employer is only "permitted by law" where there is a judgment for common-law indemnification based on the existence of a statutorily defined "grave injury."
In the underlying personal injury action commenced in a federal district court, Bryan's employee sued Home Depot, which commenced a third-party action against Bryan's, seeking both common-law and contractual indemnification. While the federal district court found Home Depot liable for damages in the underlying personal injury action, it also granted Home Depot summary judgment on its claims for common-law indemnification, based upon the finding of grave injury suffered by the injured plaintiff, and contractual indemnification against Bryan's. On appeal, however, the Second Circuit affirmed only on the contractual indemnification claim, stating "[b]ecause we conclude that [Bryan's] is liable to Home Depot on a theory of contractual indemnity, we need not address the district court's findings that [the injured plaintiff] suffered a 'grave injury' as a matter of law." Ultimately, Home Depot and Bryan's resolved the third-party indemnification action by Bryan's assigning to Home Depot its claims against SIF on its Employers' Liability Policy.
We reject Home Depot's argument that SIF is collaterally estopped from raising the issue of grave injury in this coverage action under the Employer Liability Policy. Under New York law, collateral estoppel does not prevent relitigation of a ruling that was an alternative basis for a trial level decision, where an appellate court affirmed the decision without addressing that ruling (see Tydings v Greenfield, Stein & Senior, LLP, 11 NY3d 195, 200 [2008]; see also Niagara Mohawk Power Corp. v Tonawanda Band of Seneca Indians, 94 F3d 747, 754 [2d Cir 1996] [same rule applies in federal court]). Inasmuch as the federal district court's finding that Bryan's was liable to Home Depot under principles [*2]of common-law indemnity was an alternative basis for finding indemnity, and was not addressed by the Second Circuit, collateral estoppel does not bar relitigation of that question in this action. In addition, Bryan's failure to appeal from the post-judgment award of attorneys' fees in the federal action did not mean that SIF was collaterally estopped from denying coverage under its employers' liability policy, as Bryan's had assigned its rights to Home Depot prior to that determination (see Algonquin Power Income Fund v Christine Falls of New York, Inc., 362 Fed Appx 151, 155 [2d Cir 2010]).
Since the SIF Employers' Liability Policy does not provide coverage for common-law indemnification absent a finding of "grave injury" (Workers' Compensation Law § 11), until that issue is resolved, there is no coverage here (see National Union Fire Ins. Co. of Pittsburgh, PA v 221- 223 W. 82 Owners Corp., 120 AD3d 1140 [1st Dept 2014]), and thus Supreme Court properly denied Home Depot's motion for summary judgment on its claim for breach of contract against SIF.
We have considered Home Depot's remaining arguments and find them unavailing.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 26, 2022