■ JOSEPH A. DECK et al., Respondents, v MERRIMACK MUTUAL FIRE INSURANCE Co., Appellant. [667 NYS2d 154] —Order unanimously affirmed with costs. Memorandum: Supreme Court properly denied the motion of defendant for summary judgment seeking a declaration that it owed no obligation to indemnify plaintiffs under a policy of insurance issued by defendant to plaintiffs' mortgagor, Louis Fumerelle. Defendant contends that, because plaintiffs failed to move for a deficiency judgment within 90 days after they obtained the mortgaged property at a foreclosure sale and received the Referee's deed, their insurable interest in the property was extinguished (*see,* RPAPL 1371 [2], [3]; *Moke Realty Corp. v Whitestone Sav. & Loan Assn.*, 82 Misc 2d 396, *affd* 51 AD2d 1005, *affd* 41 NY2d 954; *Cohen v New York Prop. Ins. Underwriting Assn.*, 160 AD2d 287, 288). The resolution of that issue turns on the critical issue whether Fumerelle, the sole party with standing to challenge the entry of the deficiency judgment on the ground that plaintiffs failed to comply with RPAPL 1371 (2), waived his right to object to the deficiency judgment proceedings (*see, Mortgagee Affiliates Corp. v Jerder Realty Servs.*, 62 AD2d 591, 593-594, *affd* 47 NY2d 796; *see also, Procco v Kennedy*, 88 AD2d 761, *affd* 58 NY2d 804; *Amsterdam Sav. Bank v Amsterdam Pharm. Dev. Corp.*, 106 AD2d 797). In a prior action in which defendant sought to vacate the deficiency judgment, County Court found that Fumerelle had expressly waived his statutory right to notice of the deficiency judgment proceedings and that the failure of plaintiffs to comply with RPAPL 1371 (2) therefore did not affect the validity of the deficiency judgment. Defendant appealed, and we affirmed "for reasons stated" in County Court's decision (*Deck v Fumerelle*, 237 AD2d 984, 985).

"The doctrine of collateral estoppel * * * precludes a party from relitigating in a subsequent action or proceeding an issue clearly raised in a prior action or proceeding and decided against that party or those in privity" (*Ryan v New York Tel. Co.*, 62 NY2d 494, 500). A party invoking the doctrine of collateral estoppel must show that the critical issue in the instant action was necessarily decided in the prior action and that the party against whom the estoppel is sought has been afforded a full opportunity to contest the issue (*see, Allied Chem. v Niagara Mohawk Power Corp.*, 72 NY2d 271, 276, *cert denied* 488 US 1005; *Kaufman v Eli Lilly & Co.*, 65 NY2d 449, 456; *Ryan v New York Tel. Co., supra*, at 500-501).

Although the determination of County Court with respect to the validity of the deficiency judgment was not necessary to its determination of the threshold issue of the standing of defendant, that does not preclude the application of the doctrine of collateral estoppel. Because the issue of the validity of the deficiency judgment was "actually litigated, squarely addressed and specifically decided" in the prior action, collateral estoppel applies to preclude relitigation of that issue (*Ross v Medical Liab. Mut. Ins. Co.*, 75 NY2d 825, 826; *see, Malloy v Trombley*, 50 NY2d 46, 52). (Appeal from Order of Supreme Court, Erie County, Whelan, J.—Summary Judgment.) Present—Denman, P. J., Green, Wisner, Balio and Boehm, JJ.