■ FRIEDA TYDINGS, Appellant, v GREENFIELD, STEIN & SENIOR, LLP, Respondent. [843 NYS2d 538]—

Order, Supreme Court, New York County (Marylin G. Diamond, J.), entered January 22, 2007, which granted defendant's motion to dismiss the complaint, unanimously reversed, on the law, without costs, the motion denied and the complaint reinstated.

In 1993, nonparty Ricki Singer created an irrevocable inter vivos trust for the benefit of herself and her son as a remainderman, with plaintiff Frieda Tydings, her aunt, designated as the sole trustee. Tydings thereafter acted as the trustee until January 1, 1997, when she resigned from that position and was replaced by Steven Singer, the grantor's brother, as successor trustee. The trust agreement did not require plaintiff to offer an accounting, nor is there any indication that the grantor ever requested an accounting until on or about August 20, 2003, over six years later, when she filed a petition in the Surrogate's Court for a compulsory accounting and the suspension of Steven Singer's authority pending a proceeding to remove him as trustee.

Plaintiff retained defendant Greenfield, Stein & Senior, LLP to represent her in the proceeding. While the firm submitted a notice of appearance dated September 9, 2003, it did not thereafter file an answer to the petition or any other response. As a result, on September 24, 2003, the Surrogate issued an order directing both plaintiff and successor trustee Steven Singer to provide an accounting.

Plaintiff thereafter retained a new attorney, and her final accounting was filed on November 14, 2004. However, the grantor objected to the accounting and sought to surcharge plaintiff with respect to certain matters that had purportedly occurred prior to her resignation as trustee. Plaintiff's new lawyer moved to dismiss the objections, relying on the applicable six year statute of limitations (CPLR 213).

The Surrogate denied plaintiff's motion, holding that "the statute of limitations can begin to run on the beneficiary's right to an accounting only where the former fiduciary has failed to have accounted after a reasonable time to do so has passed" (*Matter of Singer*, 12 Misc 3d 621, 625 [2006]). This Court affirmed, but did so on the ground that the "former trustee waived her statute of limitations defense by failing to raise it in response to the grantor's petition to compel an accounting," and added the explanation that "an accounting trustee's limita-

tions defense does not run against the particular acts allegedly committed by the trustee in violation of her fiduciary duties, but against the trustee's obligation to account" (*Matter of Singer*, 30 AD3d 211 [2006]). This Court's decision did not comment on the Surrogate's ruling that the statute of limitations on an accounting matter does not begin to run until a reasonable time has passed after the fiduciary's resignation without the fiduciary providing an accounting.

Plaintiff former trustee then commenced this legal malpractice action against her first attorneys. Defendant law firm moved for dismissal on grounds of collateral estoppel, arguing that the Surrogate's determination in *Matter of Singer* (12 Misc 3d 621 [2006], *supra*), rejecting the statute of limitations defense, which decision was subsequently affirmed, established that plaintiff could not have prevailed in the accounting proceeding in any event.

A cause of action for legal malpractice requires proof of the negligence of the attorney, that such negligence was the proximate cause of the loss sustained and that actual damages resulted therefrom (*see Bishop v Maurer*, 33 AD3d 497, 498 [2006]). To establish proximate cause, the plaintiff must demonstrate that "but for" the attorney's negligence, the plaintiff would have prevailed in the matter in question (*id.*). The "failure to demonstrate proximate cause mandates the dismissal of a legal malpractice action regardless of whether the attorney was negligent" (*Leder v Spiegel*, 31 AD3d 266, 268 [2006], *affd* 9 NY3d 836 [2007]; *see also Schwartz v Olshan Grundman Frome & Rosenzweig*, 302 AD2d 193, 198 [2003]).

The assertion that defendant failed to file answering or opposition papers to the accounting petition interposing the statute of limitations defense, clearly establishes grounds for claiming that defendant was negligent. The question is whether, but for that negligence, plaintiff could have prevailed in getting the action against her dismissed.

Defendant relies on the doctrine of collateral estoppel, arguing that plaintiff could not have prevailed on the limitations defense because plaintiff is bound by the Surrogate's Court ruling in *Matter of Singer* (12 Misc 3d at 625), as affirmed by this Court (30 AD3d 211 [2006]), that the six-year limitations period had not expired by the time the action for an accounting was commenced.

Collateral estoppel precludes a party from relitigating an issue that was already raised and necessarily decided against that party in another action (*see Color by Pergament v O'Henry's Film Works*, 278 AD2d 92, 93 [2000]). However, in this matter

we are asked to give collateral estoppel effect to an order that was thereafter reviewed on appeal, where the reviewing appellate court, while upholding the result, did not employ the same legal reasoning used by the court of first instance. That is, while this Court affirmed on appeal the Surrogate's rejection of the former trustee's statute of limitations defense, it did not affirm because it agreed with the Surrogate's statement of law that the beneficiary's time to commence an action for an accounting against a former trustee did not begin to run upon her resignation and replacement, but at some indeterminate "reasonable time" after that. Rather, this Court rejected the proffered limitations defense because it was raised too late (i.e. after the accounting had been filed), and in a context where it was inapplicable (i.e. in relation to specific objections filed against the accounting).*

Defendant relies upon the assertion that an alternative holding must be afforded preclusive effect where the issue is actually litigated, squarely addressed, and specifically decided. It is true where the *final determination* of a matter offers more than one basis for its decision, the doctrine of collateral estoppel is generally applied to both grounds, even though arguably the alternative ground was not "necessarily" decided; even that ground is considered "actually litigated, squarely addressed and specifically decided" (*see Malloy v Trombley*, 50 NY2d 46, 52-53 [1980]; *Deck v Merrimack Mut. Fire Ins. Co.*, 245 AD2d 1019, 1020 [1997]). However, none of the cases relied upon by defendant for this proposition give preclusive effect to a ruling that was *not* the final determination of the matter, in that an appellate court reviewing the order issued its own determination containing its own reasoning. Notably, in *Deck v Merrimack Mutual*, where preclusive effect was given to an alternative ground used in a County Court decision which was then appealed, on appeal that decision had been affirmed "for reasons stated" (*see Deck v Fumerelle*, 237 AD2d 984, 985 [1997]).

The motion court relied on the rule that a judgment is

---

* It is worth noting that settled law does not support that portion of the Surrogate's reasoning. The time within which a proceeding seeking an accounting must be commenced begins to run either when the fiduciary's account is judicially settled or when there is an open repudiation by the fiduciary of his obligation to administer the estate to the knowledge of the beneficiary (*Matter of Barabash*, 31 NY2d 76, 80 [1972]; *Matter of Winne*, 232 AD2d 956 [1996]). Case law establishes that the requisite repudiation may be accomplished by a defendant's resignation as trustee and surrender of the trusteeship to a successor (*see Kaszirer v Kaszirer*, 286 AD2d 598 [2001]; *see also Craig v Bank of N.Y.*, 169 F Supp 2d 202, 208 [SD NY 2001]; *Spallholz v Sheldon*, 216 NY 205, 209 [1915]; *Matter of Carpenter [American Sur. Co. of N.Y.]*, 271 App Div 71 [1946], *affd* 297 NY 498 [1947]).

conclusive between the parties "until reversed on appeal or set aside" (*McLaughlin v Hernandez*, 16 AD3d 344, 346 [2005]), to reason that absent a reversal of a trial-level ruling, or an affirmance that specifically disapproves of the reasoning of that ruling, the law as pronounced by the trial court stands as conclusive if it is affirmed, regardless of the appellate court's rationale in support. We reject this suggestion.

First of all, cases permitting reliance on the preclusive effect of an order, appeal of which is pending (*see Anonymous v Dobbs Ferry Union Free School Dist.*, 19 AD3d 522, 523 [2005]; *Matter of Capoccia*, 272 AD2d 838, 847 [2000], *lv denied* 95 NY2d 769 [2000]), are not applicable to the present situation. An affirmance such as this Court's in *Matter of Singer* (30 AD3d 211 [2006], *supra*), does not necessarily constitute a ratification of the legal reasoning in the order appealed from, when the affirmance explicitly uses different reasoning from that employed by the court of first instance to reach the same result. Moreover, while it might be appropriate to give preclusive effect to factual findings made by a trial court which are not disturbed on appeal, different considerations come into play where the trial court's ruling, for which preclusive effect is sought, is purely one of law (*see O'Connor v G & R Packing Co.*, 53 NY2d 278, 282-283 [1981]), especially when that reasoning was, at least implicitly, disturbed on appeal. The basis for giving preclusive effect to an alternative ground for a decision is that the issue was "actually litigated, squarely addressed, and specifically decided" (*see Matter of Atlantic Mut. Ins. Co. v Lauria*, 291 AD2d 492, 493 [2002]).

Here, once the reasoning of the Surrogate's Court was replaced by the reasoning of this Court in its order on appeal, the legal reasoning used by the Surrogate's Court, even though not explicitly disapproved, could not then continue to stand as a viable statement of the law: the issue was neither "squarely addressed" nor "specifically decided" by this Court in *Matter of Singer*.

The doctrine of collateral estoppel is an equitable one, and application of the doctrine against plaintiff in these circumstances would be contrary to all concepts of equity. Unlike the many cases cited by defendant in which the failure to apply collateral estoppel in the second action would have deprived a party who prevailed in the earlier action of the fruits of that victory (*see e.g. Peterkin v Episcopal Social Servs. of N.Y., Inc.*, 24 AD3d 306 [2005]), here, Singer's victory in the accounting matter is entirely unaffected by allowing plaintiff to sue her first lawyers on a theory of malpractice.

We therefore conclude that collateral estoppel cannot properly be relied upon to preclude plaintiff from demonstrating that but for defendant's alleged malpractice, she would have prevailed in that accounting action, and the motion to dismiss is therefore denied. Concur—Tom, J.P., Mazzarelli, Saxe, Williams and Malone, JJ. [*See* 14 Misc 3d 1233(A), 2007 NY Slip Op 50279(U).]