**INDUSTRIAL RISK INSURERS, as subrogee of Silverstein Properties, Inc., Plaintiff–Appellant,**

v.

**The PORT AUTHORITY OF NEW YORK AND NEW JERSEY, Citigroup Global Markets Holdings, Inc., and Citigroup, Inc., Defendants–Appellees.**

No. 08–1024–cv.

United States Court of Appeals, Second Circuit.

Oct. 20, 2008.

Douglas J. Pepe (Gregory P. Joseph, on the brief), Gregory P. Joseph Law Offices LLC, New York, NY, for Appellant.

Christopher P. Moore (Thomas J. Moloney and Kristen M. Santillo, on the brief), Cleary Gottlieb Steen & Hamilton LLP, New York, NY, for Appellees.

PRESENT: B.D. PARKER, DEBRA ANN LIVINGSTON, Circuit Judges, DENNY CHIN, District Judge.*

### SUMMARY ORDER

Plaintiff–Appellant Industrial Risk Insurers ("IRI") appeals from a judgment of the United States District Court for the Southern District of New York (Hellerstein, *J.*) denying its motion for partial vacatur of the District Court's previous judgment dismissing its complaint. We assume the parties' familiarity with the facts, procedural history, and scope of the issues presented on appeal.

We review the District Court's judgment in light of our previous decision, which remanded IRI's motion for partial vacatur to the District Court. In remanding, we "underscore[d] that, if the district court, on remand, construes its ruling on assumption of risk in such a way that IRI cannot in other cases be collaterally estopped by it, then the need to grant the motion to vacate would be significantly reduced." *Indus. Risk Insurers v. Port Auth. of N.Y. & N.J.*, 493 F.3d 283, 289 (2d Cir. 2007). On this appeal, we assess whether the District Court satisfactorily complied with our mandate. *See In re Ivan F. Boesky Sec. Litig.*, 957 F.2d 65, 69 (2d Cir.1992). We conclude that it did.

In its opinion denying Appellant's motion for partial vacatur, the District Court clarified that its holding on the nearly identical assumption of risk issue in the related case of *Aegis Ins. Servs., Inc. v. Port Auth. of N.Y. & N.J. (In re September 11 Prop. Damage & Bus. Loss Litig.)*, 468 F.Supp.2d 508 (S.D.N.Y.2006), was on the merits. *See Indus. Risk Insurers v. Port Auth. of N.Y. & N.J.*, No. 02–7170, 2008 WL 282273, at *5 (S.D.N.Y. Jan.30, 2008). The District Court also assured this Court and the parties that should the assumption of risk issue present itself again in future, related litigation, "there is no reason to believe that I would consider myself precluded from carefully reviewing any argument on the merits, whether pre-

---

* The Honorable Denny Chin, United States District Judge for the Southern District of New York, sitting by designation.

viously decided or not." *Id.* at *6. We are confident that the District Court, charged as it is with presiding over all litigation stemming from the events of September 11, 2001, *see* Air Transportation Safety and System Stabilization Act, Pub.L. No. 107–42, § 408(b)(3), 115 Stat. 230, 241 (2001), perceives the pitfalls that could arise from an application of collateral estoppel to its assumption of risk ruling in future cases.

Moreover, we note that under both federal and New York law, a prerequisite to application of collateral estoppel against a party is an opportunity for that party to contest fully the merits of the issue in question. *See Boguslavsky v. Kaplan,* 159 F.3d 715, 720 (2d Cir.1998) (stating the federal rule); *Curry v. City of Syracuse,* 316 F.3d 324, 331 (2d Cir.2003) (stating the New York rule). Federal law also provides that where an appeal is taken from a judgment based on multiple grounds and the appellate court affirms on one ground but not on the other, there is "no collateral estoppel as to the unreviewed ground." *Gelb v. Royal Globe Ins. Co.,* 798 F.2d 38, 45 (2d Cir.1986). Nor do we perceive any problematic rigidity under New York law. As we stated in *In re Hyman,* New York's collateral estoppel doctrine is "flexible," and "whether to apply it [in] a particular case depends on general notions of fairness involving a practical inquiry into the realities of the litigation." 502 F.3d 61, 66 (2d Cir.2007) (quoting *Jeffreys v. Griffin,* 1 N.Y.3d 34, 41, 769 N.Y.S.2d 184, 801 N.E.2d 404 (2003)) (internal quotation marks omitted). Moreover, in a recent decision, the First Department declined to give preclusive effect to an alternative ground for a decision because it had not been fully litigated. *See Tydings v. Greenfield, Stein & Senior, LLP,* 43 A.D.3d 680, 843 N.Y.S.2d 538, 540–42 (1st Dep't 2007).

The judgment of the District Court is AFFIRMED.