Knox v Aronson, Mayefsky & Sloan, LLP (2018 NY Slip Op 09030)

BODY {
font-family : "Times New Roman", Times, serif;
font-size : larger;
}

P {
line-height: 150%;
text-indent: 2em
}

Knox v Aronson, Mayefsky & Sloan, LLP

2018 NY Slip Op 09030

Decided on December 27, 2018

Appellate Division, First Department

Singh, J., J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 27, 2018
SUPREME COURT, APPELLATE DIVISION
First Judicial Department
Rosalyn H. Richter, J.P.
Sallie Manzanet-Daniels
Judith J. Gische
Anil C. Singh,JJ.


158738/16 

[*1]Jodi Knox, also known as Jodi McGinnis, Plaintiff-Appellant-Respondent,
vAronson, Mayefsky & Sloan, LLP, et al., Defendants-Respondents-Appellants, Fredman Baken & Kosan, LLP, Defendant-Respondent.

Cross appeals by plaintiff and defendants Aronson, Mayefsky & Sloan, LLP and Karen Robarge from the order of the Supreme Court, New York County (Carmen Victoria St. George, J.), entered October 16, 2017, which granted said defendants' motion to dismiss the breach of fiduciary duty claim, and denied their motion to dismiss the legal malpractice, fraud, and Judiciary Law § 487 claims and the request for punitive damages. Plaintiff appeals from the order of the same court and Justice and same entry date, which granted defendant Fredman Baken & Kosan, LLP's motion to dismiss the amended complaint as against it.

Richard Pu, New York, for appellant-respondent.
Rivkin Radler LLP, New York (Deborah Isaacson and Jonathan B. Bruno of counsel), for respondents-appellants.
Traub Lieberman Straus & Shrewsberry LLP, Hawthorne (Jonathan Harwood and Hillary J. Raimondi of counsel), for respondent.

SINGH, J.


Plaintiff Jodi Knox brings this action against her former counsel, Aronson, Mayefsky & Sloan, LLP and Karen Robarge (collectively, AMS) for legal malpractice, breach of fiduciary duty, fraud, and violation of Judiciary Law § 487 in connection with a divorce action brought by her former husband, nonparty James McGinnis (the husband), in New York County Supreme Court (McGinnis v McGinnis). She alleges that her successor legal counsel, defendant Fredman Baken & Kosan, LLP (FBK), also committed legal malpractice.
Defendant AMS represented plaintiff from approximately February through October 2013. Defendant Robarge is the partner at AMS who was primarily responsible for plaintiff's case. Defendant FBK represented plaintiff from January 2014 through June 2015.[FN1]
While represented by AMS, plaintiff repeatedly expressed her desire to move for a protective order against the husband. AMS ultimately made the application for a protective order as a cross motion to the husband's motion to set a visitation schedule on May 3, 2013. The motion and cross motion were resolved by a temporary stipulation, dated May 7, 2013 (the temporary stipulation), which gave plaintiff and the couple's infant daughter, born on November 6, 2012 exclusive occupancy of the couple's apartment in Manhattan and set a schedule for visitation with the husband.
In July 2013, plaintiff sought to temporarily move from the Manhattan apartment to Connecticut for foot surgery. Despite defendant Robarge's advice to the contrary, plaintiff, after apparently obtaining her husband's consent, moved with the child to Greenwich, Connecticut.
On October 21, 2013, AMS filed an order to show cause to be relieved as counsel due to plaintiff's lack of confidence in their advice. Before the order to show cause was heard, plaintiff voluntarily secured new counsel.
On May 2, 2014, while plaintiff was represented by FBK, the parties entered into a stipulation of settlement. On May 2, 2014, in open court, the parties were allocuted on the record. They stated that they understood and were satisfied with the settlement and with their attorneys' representation.
The settlement provided for joint legal custody of the child, who would primarily reside with plaintiff. Plaintiff was required to move back to Manhattan "no later than September 1, 2014." This obligation was deemed a "material term" of the settlement, and plaintiff agreed to pay any fees incurred in enforcing this term. The husband was required to pay FBK's legal fees in the sum of $20,000 on plaintiff's behalf. Plaintiff was otherwise "solely responsible for all legal and professional fees" incurred in connection with the matrimonial action.
The settlement also provided that plaintiff "withdraws her application for an Order of Protection with prejudice which she agree[d] shall be deemed dismissed on the merits after a full and fair hearing by the Court." Since the first motion for an order of protection was resolved by the temporary stipulation, this was a second motion for a protective order, which plaintiff voluntarily withdrew as part of the settlement.
Plaintiff failed to return to Manhattan by the stated deadline under the settlement. As a result, the husband moved to compel her return, to transfer sole custody of the child to him, and for attorneys' fees.
On September 5, 2014, Supreme Court ordered plaintiff to return "forthwith," scheduled a custody hearing, and granted the husband's application for attorneys' fees subject to a showing of the amount owed. On July 15, 2015, Supreme Court directed that plaintiff pay the husband's attorneys' fees in the amount of $132,030.60. The court also found that a modification of the settlement was warranted and awarded the husband sole legal and primary residential custody of the child. The court cited plaintiff's failure to timely return to Manhattan, which breached a material term of the settlement, and plaintiff's continued exhibition of "gatekeeping" behavior toward the husband, including by making false accusations to the police. The court rejected plaintiff's attempt to blame her failure to return to Manhattan on the husband's failure to comply with his obligation to guarantee her lease, noting that plaintiff "made no serious effort to find a [*2]Qualified Residence" and her "obligation to move was not contingent on [the husband's] guaranteeing a lease."
Plaintiff appealed, and this Court affirmed (McGinnis v McGinnis, 159 AD3d 475 [1st Dept 2018]). We held, citing plaintiff's "lack of insight, poor judgment, efforts to minimize the father's relationship with the child and multiple, unsubstantiated claims of abuse — as well as her refusal to return to New York in violation of the parties' settlement agreement" (id. at 476), that the husband had established that a modification of the custody arrangement was in the child's best interests.
In September 2015, FBK sued plaintiff in Westchester County Supreme Court to recover legal fees allegedly owed. Plaintiff, representing herself, answered the complaint and asserted a vague counterclaim for "professional misconduct." FBK moved to dismiss this counterclaim and plaintiff, now represented by counsel, cross-moved to amend her answer to expand on her counterclaim. Plaintiff added details regarding FBK's alleged abandonment of its motion for attorneys' fees. In addition to a negligence claim, plaintiff sought to interpose counterclaims for breach of contract and breach of fiduciary duty.
By order dated January 11, 2017, Supreme Court denied plaintiff's motion to amend her answer with respect to the negligence and breach of fiduciary duty counterclaims. In addition, the court granted FBK's motion to dismiss the negligence counterclaim.
Meanwhile, in October 2016, plaintiff brought this action against AMS and subsequently added a claim against FBK. Supreme Court granted AMS's motion to dismiss the breach of fiduciary duty claim, but denied dismissal of the legal malpractice, fraud, and Judiciary Law § 487 claims, and the request for punitive damages. Supreme Court granted FBK's motion to dismiss the complaint. This appeal ensued.
Plaintiff's complaint should be dismissed in its entirety against AMS. We agree that Supreme Court properly dismissed the claim against FBK.
Turning first to plaintiff's legal malpractice cause of action against AMS, she alleges that AMS was negligent in failing to move for attorneys' fees, resulting in her failure to receive an undetermined award to pay her attorneys. This claim fails because plaintiff's various successor counsel had ample time and opportunity to make such a motion, and in fact one did (although it was purportedly abandoned) (see Davis v Cohen & Gresser, LLP, 160 AD3d 484, 487 [1st Dept 2018]).
Even assuming AMS was negligent in failing to move for attorneys' fees, by agreeing as part of the settlement [FN2] to forgo any award of attorneys' fees except for $20,000, plaintiff cannot show that but for AMS's negligence she would not have sustained the loss (see generally Tydings v Greenfield, Stein & Senior, LLP, 43 AD3d 680, 682 [1st Dept 2007], affd 11 NY3d 195 [2008] [to establish proximate cause, the plaintiff must demonstrate that "but for" the attorney's negligence, plaintiff would have prevailed in the matter in question; failure to demonstrate proximate cause mandates the dismissal of a legal malpractice action regardless of whether the attorney was negligent]); 180 Ludlow Dev. LLC v Olshan Frome Wolosky LLP, 165 AD3d 594, 595 [1st Dept 2018] ["While proximate cause is generally a question for the factfinder . . . it can, in appropriate circumstances, be determined as a matter of law"]).
Next, plaintiff claims that AMS was negligent in allegedly advising her that she was [*3]permitted to move to Connecticut, resulting in the loss of custody of the child. The damages plaintiff seeks are the attorneys' fees incurred in connection with the husband's motion to compel her return to New York and future legal fees she will have to expend to recover custody. Again, this claim fails because plaintiff's alleged damages were not proximately caused by any advice given by AMS, but rather by her own subsequent failure to comply with the terms of the settlement.
Turning to the breach of fiduciary duty claim, plaintiff seeks damages for pain and mental suffering, the $132,000 plaintiff was required to pay the husband for his attorneys' fees, the attorneys' fees needed to recover custody of the child, and punitive damages. This claim and ensuing damages sought for the breach are duplicative of the malpractice cause of action (see Alphas v Smith, 147 AD3d 557, 558-559 [1st Dept 2017] [where the court found that the relief sought in the fiduciary duty claim was identical to the legal malpractice claim as it sought similar damages]).
Even if the two causes of action are not duplicative, Supreme Court properly dismissed the breach of fiduciary cause of action. In the attorney liability context, the breach of fiduciary duty claim is governed by the same standard as a legal malpractice claim (see Weil, Gotshal & Manges, LLP v Fashion Boutique of Short Hills, Inc., 10 AD3d 267, 271-272 [1st Dept 2004]). Accordingly, to recover damages against an attorney arising out of the breach of the attorney's fiduciary duty, plaintiff must establish the "but for" element of malpractice (see Ulico Cas. Co. v Wilson, Elser, Moskowitz, Edelman & Dicker, 56 AD3d 1, 11 [1st Dept 2008]).
Citing to Domestic Relations Law § 240, plaintiff contends that had the motion court considered her application for a protective order, the husband would not have gained custody of the child. However, this statute gives the court discretion and does not mandate a particular decision. Moreover, under the temporary stipulation plaintiff and the child received exclusive occupancy of the Manhattan apartment. The husband was given visitation. Thereafter, under the settlement, plaintiff agreed to joint custody and was given primary residential custody of the child. As a matter of law, her damages, including loss of primary residential custody of the child, flow from her breach of the settlement, and not from AMS's acts or omissions.
Plaintiff's causes of action sounding in breach of fraud and her Judiciary Law § 487 claims are identical and duplicative of the legal malpractice and breach of fiduciary claims. Therefore, these claims and the request for punitive damages should also be dismissed.
Finally, Supreme Court properly dismissed plaintiff's complaint as against FBK, since the only claim asserted, a legal malpractice claim, is barred by the doctrine of res judicata (see Matter of Hunter, 4 NY3d 260, 269 [2005]). Plaintiff's legal malpractice claim is based on the same conduct that was the basis of the counterclaim previously dismissed by Supreme Court Westchester County. Res judicata bars all claims "arising out of the same transaction or series of transactions . . . even if based upon different theories or if seeking a different remedy" (Jumax Assoc. v 350 Cabrini Owners Corp., 110 AD3d 622, 623 [1st Dept 2013] [internal quotation marks omitted], lv denied 23 NY3d 907 [2014]). Contrary to plaintiff's contention, the dismissal in the Westchester action was on the merits. The order addressed the merits of the counterclaim, dismissing it on the basis of the settlement and the custody decision in the matrimonial action (see Plaza PH2001 LLC v Plaza Residential Owner LP, 98 AD3d 89, 98 [1st Dept 2012]).
We have considered plaintiff's remaining arguments and find them unavailing.
Accordingly, the order of the Supreme Court, New York County (Carmen Victoria St. George, J.), entered October 16, 2017, which granted defendants Aronson, Mayefsky & Sloan, LLP and Karen Robarge's motion to dismiss the breach of fiduciary duty claim, and denied their motion to dismiss as to the legal malpractice, fraud, and Judiciary Law § 487 claims and the [*4]request for punitive damages, should be modified, on the law, to grant said defendants' motion to dismiss the complaint in its entirety, and as so modified, affirmed, without costs. The order of the same court and Justice, and same entry date, which granted defendant Fredman Baken & Kosan, LLP's motion to dismiss the amended complaint as against it, should be affirmed, without costs. The Clerk is directed to enter judgment accordingly.All concur.
Order, Supreme Court, New York County (Carmen Victoria St. George, J.), entered October 16, 2017, modified, on the law, to grant defendants Aronson, Mayefsky & Sloan, LLP and Karen Robarge's motion to dismiss the complaint in its entirety, and as so modified, affirmed, without costs. Order, same court and Justice and entry date, affirmed, without costs. The Clerk is directed to enter judgment accordingly.
Opinion by Singh, J. All concur.
Richter, J.P., Manzanet-Daniels, Gische, Singh, JJ.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: DECEMBER 27, 2018
CLERK
Footnotes

Footnote 1: Plaintiff was also represented by four other firms during the pendency of the matrimonial action.

Footnote 2: Contrary to plaintiff's contention, the settlement is properly considered on this motion based on documentary evidence (CPLR 3211[a][1]) (see Leon v Martinez, 84 NY2d 83, 88 [1994]), and it "conclusively establishes a defense to the asserted claims as a matter of law" (see id.).