In the Matter of DONALD J. AQUILIO, an Attorney, Respondent. GRIEVANCE COMMITTEE OF THE FIFTH JUDICIAL DISTRICT, Petitioner.

Fourth Department, October 5, 1990

**APPEARANCES OF COUNSEL**

*Paul J. Ginnelly* for petitioner.

*Donald J. Aquilio,* respondent *pro se.*

Per Curiam.

Respondent was admitted to practice by order of the Appellate Division, Second Department, on June 25, 1975, and was a member and managing partner of a law firm in Syracuse. By petition dated September 10, 1987, the Grievance Committee of the Fifth Judicial District charged respondent with having violated DR 9-102 (A), (B) (failure to preserve the funds of a client), as well as 22 NYCRR 1022.5 (d) (failure to maintain true records of a client's fiduciary account). After a hearing, the Referee sustained both charges.

We determine that the evidence presented on the first charge supports a finding of commingling, but not conversion. Although respondent withdrew $50,000 from the client's trust account and deposited it in the firm's general operating account, we accept respondent's explanation that he withdrew the amount he estimated to be the attorney's fees due the firm from the settlement of a personal injury action, not realizing that the amount due the firm for its fee had already been withdrawn from the trust account. Upon our review of the record, we find that there was no proof that respondent converted the money. The client was never deprived of the money owed to him from the settlement.

We also determine that the evidence submitted on the second charge does not support a finding of misconduct. Respondent withdrew $5,000 from a client's disbursement account and deposited it into the firm's general operating account. Moneys advanced by clients for disbursements need not, unless expressly agreed, be held in trust (see, DR 9-102 [A]) and may be placed in a general account (see, 1985 Opns NY St Bar Assn No. 570). The proof was insufficient to support a determination that respondent intended to benefit himself by this transfer of funds from the disbursement account to the general operating account. Although the deposit slip indicated that the money was placed in the general account to reduce respondent's loan balance, it was undisputed that respondent never gave that deposit slip to the bookkeeper for entry.

In light of the stress respondent was under at the time of these incidents due to the collapse of an investment partnership he managed, as well as disintegration of the law firm of

which he was managing partner, we conclude that respondent should be censured.

DILLON, P. J., CALLAHAN, DOERR, DENMAN and BOOMER, JJ., concur.

Order of censure entered.