OPINION OF THE COURT
Per Curiam.
Respondent was admitted to the practice of law by this Court on July 13, 1994, and formerly maintained offices for the practice of law in Buffalo and Rochester. By order entered September 10, 2013, this Court suspended respondent, pursuant to 22 NYCRR 1022.20 (e), for failing to comply with a subpoena issued by this Court and making misrepresentations to the Grievance Committee and this Court regarding her handling of funds received from several clients (Matter of Agola, 109 AD3d 1216 [2013]). In February 2014, the Grievance Committee filed a petition containing seven charges of misconduct against respondent, including misappropriating client funds, failing to produce records concerning funds received from clients, making false statements and submitting false evidence to the Grievance Committee and this Court regarding her handling of funds received from several clients, and making false statements and filing frivolous pleadings in federal court that resulted in monetary sanctions against respondent. Respondent filed an answer denying material allegations of the petition, and this Court appointed a referee to conduct a hearing. The Referee filed a report sustaining the charges of misconduct and making an advisory finding that respondent owes restitution to eight clients in the total amount of $28,028.15. The Referee additionally made an advisory finding that the doctrine of collateral estoppel precludes respondent from relitigating in this proceeding certain factual determinations made in federal court that were adverse to respondent and gave rise to the sanctions imposed against her.
The Grievance Committee moves to confirm the findings of the Referee, and respondent cross-moves to dismiss on legal grounds the charges alleging misappropriation and other trust account violations, to disaffirm certain factual findings of the Referee, and to disaffirm the Referee’s advisory finding concerning the doctrine of collateral estoppel. The parties appeared before this Court for argument of the motion and cross motion, and respondent has submitted matters in mitigation.
With respect to charge one, the Referee found that, from October 2008 through December 2009, respondent was retained on a contingent fee basis in 10 client matters and received from those clients funds in the total amount of $76,605, which were to be used for disbursements. The Referee found, however, *80 that respondent thereafter failed to maintain the funds in her trust account and used a substantial portion of them for personal purposes. The Referee further found that, although respondent incurred disbursements on behalf of the clients in question in the total amount of $1,016.40 and refunded to certain clients unused disbursement funds, she failed to account for funds in the total amount of $28,028.15 that she received from eight clients.
With respect to charge two, the Referee found that, from April 2009 through July 2013, respondent failed to maintain a balance in her trust account sufficient to satisfy her financial obligations to numerous clients; issued 30 trust account checks in the total amount of $34,982.23 payable to cash, rather than a named payee; issued 24 trust account checks in the total amount of $73,273 payable to herself without recording the purpose of the payment; withdrew from her trust account via bank transfers funds in the total amount of $278,874.24 without making or keeping records sufficient to explain the purpose of the transactions; and issued trust account checks to pay law office expenses such as mortgage payments, advertising expense, and postage. The Referee further found that, in November 2009, respondent received settlement funds in the amount of $75,000 on behalf of a client and, although respondent immediately disbursed $5,000 to the client and $15,000 to herself in payment of her legal fee, she thereafter failed to maintain a balance in her trust account sufficient to satisfy her obligation to the client and did not remit the balance of the funds to the client until March 2010.
With respect to charge three, the Referee found that, during the Grievance Committee’s investigation and the proceedings before this Court that resulted in respondent’s suspension in September 2013, respondent made numerous false statements under oath and submitted false evidence to the Grievance Committee and this Court regarding her handling of funds received from several clients. For instance, the Referee found that, during an examination under oath conducted by the Grievance Committee in April 2013, respondent falsely testified that the funds she received from her clients for disbursements, as set forth in charge one, had been deposited into her trust account when, in fact, a substantial portion of the funds had been deposited into her law firm operating account. The Referee additionally found that, during the proceedings that resulted in her suspension in September 2013, respondent filed with this *81 Court papers containing numerous false statements of fact, including that she had received certain of the funds at issue in charge one for legal fees and had deposited certain funds into her law firm operating account, rather than her trust account, owing to the “immediacy” of the expenses she incurred on behalf of certain clients. The Referee found, however, that respondent received all of the funds at issue in charge one for anticipated disbursements, not legal fees, and that certain of the purportedly “immediate” expenses cited by respondent in papers filed with this Court were never incurred. The Referee additionally found that respondent during the suspension proceedings submitted to this Court falsified documents, including a retainer agreement and payment receipt wherein payments that respondent had received for disbursements were falsely characterized as payments for legal fees.
With respect to charges four and five, the Referee found that, from March 2008 though April 2013, respondent filed frivolous pleadings and made false statements in relation to five federal court matters, which resulted in the United States District Court for the Western District of New York imposing monetary sanctions against respondent. With respect to four of those matters, the Referee made an advisory finding that the doctrine of collateral estoppel precludes respondent from relitigating in this proceeding District Court’s determination that respondent made misrepresentations and filed frivolous pleadings with that Court and intentionally failed to pay one of its sanctions in a timely manner.
With respect to charge six, the Referee found that respondent throughout this proceeding has refused to produce to the Grievance Committee financial and other records regarding funds received from numerous clients, despite her legal obligation to do so. The Referee further found that respondent purposefully failed to comply with a subpoena issued by this Court, which was returnable August 2, 2013, directing her to appear for an examination under oath and to produce to the Grievance Committee records concerning certain client matters. Notably, respondent testified at the hearing before the Referee that she possesses the records specified in the subpoena and has purposefully failed to produce them. The Referee additionally found that, beginning in November 2012, after respondent became aware that the Grievance Committee had commenced the instant investigation, respondent met with at least four clients and arranged for each of them to execute a *82 “replacement” retainer agreement wherein payments respondent had received for anticipated disbursements were mischaracterized as payments for legal fees. The Referee found that respondent backdated the altered retainer agreements and provided the clients with backdated engagement letters that similarly mischaracterized the prior payments to respondent. Although respondent testified during the hearing that the purpose of the backdated and altered retainer agreements was to prepare for certain alternative dispute resolution proceedings in federal court, the Referee found that respondent’s testimony on that point was false and that the true purpose was to conceal respondent’s misappropriation of client funds. Finally, the Referee found that respondent or someone acting at her direction forged the signature of a client on a fabricated retainer agreement and, in March 2013, used the forged document in an effort to collect from the client a 40% contingency fee in a matter that respondent had previously agreed to handle on a pro bono basis.
With respect to charge seven, the Referee found that, after respondent was personally served with this Court’s order of suspension in September 2013, she failed to comply with that order, as well as this Court’s rule governing the conduct of suspended attorneys (see 22 NYCRR 1022.27 [b]), by meeting with clients and prospective clients to discuss their legal matters and failing to notify clients and opposing counsel in all pending matters that she had been suspended from the practice of law. The Referee additionally found that respondent in October 2013 filed with this Court an affidavit wherein she falsely stated that she had complied with section 1022.27. Finally, the Referee found that respondent sought to circumvent this Court’s order of suspension and section 1022.27 in several respects, including forging the signature of an attorney who was associated with her law firm on certain business forms in an effort to remove respondent’s name from the name of the firm, to make the associate attorney the “public face” of the firm, and to allow respondent to continue practicing law in the “background.” The Referee further found that respondent or someone acting at her direction forged the signature of the associate attorney on correspondence with certain courts in connection with at least two client matters.
The Referee found in mitigation that respondent has received several awards for providing pro bono service to clients. In aggravation of the charges, however, the Referee found that re *83 spondent has an extensive disciplinary history that includes a public censure imposed by this Court (Matter of Agola, 99 AD3d 251 [2012]), and numerous reprimands and sanctions imposed in federal court for making false statements and filing frivolous proceedings. The Referee further found that respondent has not expressed any remorse and, during the hearing, she gave false and evasive testimony on several points.
We confirm the factual findings of the Referee, except with respect to one federal court matter to which the Referee applied the doctrine of collateral estoppel. In that matter, although District Court had entered an order finding that respondent made misrepresentations to the Court and imposing monetary sanctions against respondent, the United States Court of Appeals for the Second Circuit, without directly addressing the factual findings of District Court, reversed and vacated that order on the ground that the Court had applied an incorrect legal standard in determining that sanctions were warranted (see Muhammad v Walmart Stores E., L.P., 732 F3d 104, 109 [2013]). We conclude that, under the circumstances of that matter and upon the record before this Court, it would be unjust to apply the doctrine of collateral estoppel to the factual findings that served as the basis for the monetary sanctions that were vacated by the Second Circuit (see Tydings v Greenfield, Stein & Senior, LLP, 11 NY3d 195, 200 [2008]). In addition, because the Grievance Committee in this proceeding relied solely on the doctrine of collateral estoppel to prove those allegations, which are contained in paragraph No. 46 of the petition, we decline to sustain the Referee’s findings concerning them.
With respect to respondent’s motion to dismiss charges one and two, we reject her contention that the funds she received from clients for anticipated disbursements were not subject to any of the disciplinary rules concerning trust account funds and required records. As found by the Referee, the retainer agreements between respondent and the clients in question provide that the funds at issue were to be used for disbursements, precluding respondent’s contention that the funds became property of her law firm upon receipt. Although respondent relies on a prior decision of this Court, Matter of Aquilio (162 AD2d 58 [1990]), in support of her contention that the disciplinary rules governing trust accounts do not apply to funds received for disbursements, that decision was based on a prior version of the disciplinary rules. That version explicitly *84 provided that “advances for costs and expenses” were not required to be deposited in a segregated account (see former Code of Professional Responsibility DR 9-102 [a] [22 NYCRR 1200.46 (a)] [1978 ed]). The relevant rule was amended in 1990 (see former Code of Professional Responsibility DR 9-102 [a], [b] [1] [22 NYCRR 1200.46 (a), (b) (1)] [eff Sept. 1, 1990]), and any general exception to the trust account rules for advances for costs and expenses no longer applies (see Rules of Professional Conduct [22 NYCRR 1200.0] rule 1.15 [a], [b] [1]). In any event, respondent’s conduct in this proceeding belies any suggestion that she believed in good faith that the disbursement funds became the property of her law firm upon receipt. When respondent was initially confronted by the Grievance Committee, she falsely asserted that the funds had been deposited into her trust account. When it became apparent that was untrue, she falsified documents in an effort to mischaracterize the payments she received from clients and made false statements regarding the disposition of the funds. Even assuming, arguendo, that respondent was not required to maintain the disbursement funds in her trust account, that would not excuse her failure to account to clients and maintain required records pursuant to the disciplinary rules (see Rules of Professional Conduct [22 NYCRR 1200.0] rule 1.15 [c], [d]).
We have considered the remaining contentions set forth in respondent’s cross motion, which primarily challenge the sufficiency of the evidence and credibility determinations of the Referee, and conclude that they lack merit. Except as noted above, the Referee’s findings are supported by the record, and we therefore decline to disturb them.
We conclude that respondent has violated the following former Disciplinary Rules of the Code of Professional Responsibility and the following Rules of Professional Conduct:
DR 1-102 (a) (4) (22 NYCRR 1200.3 [a] [4]) and rule 8.4 (c) of the Rules of Professional Conduct (22 NYCRR 1200.0) — engaging in conduct involving dishonesty, fraud, deceit or misrepresentation;
DR 1-102 (a) (5) (22 NYCRR 1200.3 [a] [5]) and rule 8.4 (d) of the Rules of Professional Conduct (22 NYCRR 1200.0) — engaging in conduct that is prejudicial to the administration of justice;
DR 1-102 (a) (7) (22 NYCRR 1200.3 [a] [7]) and rule 8.4 (h) of the Rules of Professional Conduct (22 NYCRR 1200.0)— engaging in conduct that adversely reflects on her fitness as a lawyer;
*85 DR 7-102 (a) (2) (22 NYCRR 1200.33 [a] [2]) and rule 3.1 (a) of the Rules of Professional Conduct (22 NYCRR 1200.0)— bringing or defending a proceeding, or asserting or controverting an issue therein, by knowingly advancing a claim or defense that is unwarranted under existing law that cannot be supported by good faith argument for an extension, modification, or reversal of existing law, or engaging in conduct that has no reasonable purpose other than to delay or prolong the resolution of litigation, or serves merely to harass or maliciously injure another, or knowingly asserting material factual statements that are false;
DR 9-102 (a) (22 NYCRR 1200.46 [a]) and rule 1.15 (a) of the Rules of Professional Conduct (22 NYCRR 1200.0) — misappropriating client funds and commingling client funds with personal funds;
DR 9-102 (b) (1) (22 NYCRR 1200.46 [b] [1]) and rule 1.15 (b) (1) of the Rules of Professional Conduct (22 NYCRR 1200.0)— failing to maintain client funds in a special account separate from her business or personal accounts;
DR 9-102 (c) (3) (22 NYCRR 1200.46 [c] [3]) and rule 1.15 (c) (3) of the Rules of Professional Conduct (22 NYCRR 1200.0)— failing to maintain complete records of all funds of a client coming into her possession and to render appropriate accounts regarding them;
DR 9-102 (d) (1) (22 NYCRR 1200.46 [d] [1]) and rule 1.15 (d) (1) of the Rules of Professional Conduct (22 NYCRR 1200.0)— failing to maintain required bookkeeping and other records concerning her practice of law; and
DR 9-102 (d) (2) (22 NYCRR 1200.46 [d] [2]) and rule 1.15 (d) (2) of the Rules of Professional Conduct (22 NYCRR 1200.0)— failing to maintain a record for special accounts, showing the source of all funds deposited in such accounts, the names of all persons for whom the funds are or were held, the amount of such funds, the description and amounts, and the names of all persons to whom such funds were disbursed.
In addition, pertaining to conduct that occurred after April 1, 2009, we conclude that respondent has violated the following Rules of Professional Conduct:
rule 1.8 (a) (22 NYCRR 1200.0) — entering into a business transaction with a client if they have differing interests therein and if the client expects her to exercise professional judgment therein for the protection of the client, unless the transaction *86 is fair and reasonable to the client, the terms of the transaction are fully disclosed to the client in writing, the client is advised in writing of the desirability of seeking the advice of independent legal counsel on the transaction and is given the opportunity to do so, and the client gives informed consent in writing to the terms of the transaction and the lawyer’s role in the transaction;
rule 1.15 (c) (4) (22 NYCRR 1200.0) — failing to pay or deliver to a client in a prompt manner as requested by the client the funds, securities or other properties in her possession that the client is entitled to receive;
rule 1.15 (e) (22 NYCRR 1200.0) — making withdrawals from a special account payable to cash and not to a named payee;
rule 1.15 (i) (22 NYCRR 1200.0) — failing to make available to the Grievance Committee financial records required by the rules to be maintained;
rule 3.3 (a) (1) (22 NYCRR 1200.0) — knowingly making a false statement of fact or law to a tribunal and failing to correct a false statement of material fact or law previously made to the tribunal;
rule 4.1 (22 NYCRR 1200.0) — knowingly making a false statement of fact or law to a third person in the course of representing a client; and
rule 5.5 (a) (22 NYCRR 1200.0) — engaging in the unauthorized practice of law.
In determining an appropriate sanction, we have considered respondent’s submissions in mitigation, including that she has received five awards for providing pro bono legal services. We have considered in aggravation of the charges, however, that respondent has a substantial disciplinary history and the misconduct herein includes an extensive course of deceitful conduct for personal gain that resulted in harm to numerous clients. We have additionally considered that respondent throughout this proceeding has demonstrated a shocking disregard for the truth and her professional obligations to clients, the courts and our system of administration of justice as a whole. Accordingly, based upon all the factors in this matter, we conclude that respondent is unfit to practice law and should be disbarred. In addition, we grant the request of the Grievance Committee for an order, pursuant to Judiciary Law § 90 (6-a), directing respondent to make restitution to eight former clients in the total amount of $28,028.15.
*87 Centra, J.P., Peradotto, Lindley, Whalen and DeJoseph, JJ., concur.
Order of disbarment entered.